611 P.2d 946

**STATE of Arizona, Appellee,**

v.

**James Harold MONICK, Appellant.**

**Nos. 1 CA–CR 4303, 1 CA–CR 4392.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 3, 1980.

Rehearing Denied May 8, 1980.

Review Denied May 28, 1980.

---

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Chief Judge:

On June 21, 1979, appellant Monick pled guilty to one count of third degree burglary, a class 5 felony, and one count of theft, a class 3 felony, arising out of a burglary of Montgomery Ward's department store. In exchange for the plea, the state agreed to dismiss a third count of criminal damage and an unrelated charge of theft of a motorcycle.[1]

Because of appellant's youth (he was 21 years old at the time of sentencing), and the fact that he had no prior convictions, the trial court determined that probation was warranted. On July 30, 1979, the imposition of sentence was suspended and appellant was placed on probation for concurrent terms of three and four years for the burglary and theft charges, respectively. As a condition of probation, he was ordered to pay $3,476.85 in restitution. Appellant objected to the amount of restitution both at sentencing and in a later motion to alter conditions of probation, arguing that the amount of restitution to Montgomery Ward was based on uncertain evidence, and restitution to the victims of the stolen motorcycle was inappropriate because that charge had been dismissed. After a hearing on the issue, the trial court modified its order by requiring restitution to Montgomery Ward in a total amount of $620.75, reflecting the actual loss of merchandise and damage to the store. An additional $2,176.85 was ordered to be paid through the clerk of the court as restitution to the owners of the motorcycle for their loss in the unrelated, dismissed charge.

In these consolidated appeals from the judgment, sentence, and order denying modification of conditions of probation, appellant raises the single question of whether restitution to the victims of the unrelated crime was lawful. In support of his argument, appellant cites *State v. Reese*, 124 Ariz. 212, 603 P.2d 104 (1979), in which this Court held, under similar facts, that "it is an abuse of discretion for a sentencing judge to require restitution by a defendant for a crime in which there is no admission or adjudication of guilt or liability, unless the defendant, in a plea agreement or otherwise, consents to such restitution." 603 P.2d at 106.

In its answering brief, the state concedes that there was no admission or adjudication of guilt in the unrelated motorcycle case nor any consent by appellant to pay such restitution, and therefore that portion of the order was unlawful under *Reese*. However, the state argues that because this portion of restitution was an integral part of the trial judge's overall sentencing considerations, the matter should be remanded for new sentencing, including the possibility of conducting further investigation into the appellant's involvement in the unrelated motorcycle case to support restitution to that victim.

At the outset, it should be noted that *Reese* involved restitution as a condition of probation under former A.R.S. § 13–1657.

1. Maricopa County Cause No. CR–106975.

Appellant's conviction falls within Arizona's Revised Criminal Code, effective October 1, 1978. The new criminal code provides the trial court with additional statutory authority to aid in the restitution to the victim of a crime. A.R.S. § 13–803[2] allows the court to impose a fine where applicable and to direct that all or a portion of such fine be allocated as restitution to the victim. Recognizing the increased consideration for victims of crimes, the new code requires that restitution is no longer discretionary, but is a required condition of probation where the victim has incurred economic loss. *See* A.R.S. § 13–603(C), § 13–901(A) and (F), and R. Gerber, Criminal Law of Arizona, 108 (1978). Whether the word "victim" in these statutes limits *Reese* to permit restitution only to those victims of the crime to which a defendant has been found guilty need not be decided here. *Cf. State v. Eilts*, 23 Wash.App. 39, 596 P.2d 1050 (1979), and cases cited therein. In either event, the trial court's order of restitution to a victim of an unrelated crime to which appellant has neither admitted guilt, been adjudicated guilty, nor agreed to pay restitution is clearly erroneous.

 As to appellee's suggestion that the entire sentence be set aside, we disagree. The trial court has already determined that probation is appropriate. To suggest that the sentence could be modified to permit incarceration or a fine would, in effect, punish appellant for exercising his constitutional right to appeal and would violate the principles established in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and rule 26.14, 17 A.R.S., Rules of Criminal Procedure. In addition, to remand and permit further investigation into the theft of the motorcycle would be futile. That case has been dismissed. The appellant denied guilt, and no agreement for restitution was provided in the plea agreement. To hold otherwise would encourage a criminal forum, with its inherently coercive atmosphere of potential

incarceration, to settle civil liabilities. This was a result specifically sought to be avoided in *Reese*.

For the reasons stated, the matter is remanded to the trial court for entry of an appropriate order modifying the conditions of probation to strike therefrom the required $2,176.85 restitution to the owners of the motorcycle, Mr. and Mrs. Headstrom.

The judgment and sentence are otherwise affirmed.

CONTRERAS, P. J., and JACOBSON, J., concur.

---

2. § 13–803(A) reads: "Upon a defendant's conviction for an offense resulting in the death, physical injury or economic loss of the victim, the court may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant."