Argued and submitted October 2, 1981, affirmed May 12, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# EARLE BAKER DAVIS,
*Appellant.*

## (No. 78-1248-C-3, CA A20852)

644 P2d 623

Robert A. Goffredi, Portland, argued the cause for appellant. With him on the brief was MacMillan & Scholz, P.C., Portland.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals from an order setting the amount of restitution as a condition to probation following entry of his guilty plea to theft in the first degree. Defendant assigns as error that portion of the order requiring him to make restitution to a victim of a transaction for which defendant admitted only "civil responsibility" during plea negotiations. We affirm.

The theft charge to which defendant pled guilty involved his negotiation of a bad check to Paul Phillips, Inc., an automobile dealer. At the time of defendant's plea, several other charges were pending against him, some of which involved odometer rollbacks on automobiles sold by him. ORS 646.860; 646.990. In exchange for the dismissal of the pending charges, defendant agreed to plead guilty to one count of theft and to admit civil liability for, *inter alia,* odometer rollbacks on automobiles sold by him. A list of the automobiles involved in the rollbacks was attached to the "Waiver, Arraignment and Plea to Information" order.

■ ■ Defendant was sentenced in January, 1979, to five years probation, on the condition that he make restitution in an amount to be determined by his probation officer. Defendant did not object to that condition, and no appeal was taken.[1]

In April, 1981, defendant moved for an order terminating his probation. At that time, it was discovered that the amount of restitution had never been set, whereupon a hearing was held for that purpose. At that hearing, the president of Paul Phillips, Inc., testified to the amount of the bad check received from defendant (the basis of the theft charge) and also testified that the company suffered a loss in the amount of $2,977 as a result of repurchasing from its customer an automobile it had purchased from defendant and which was listed on the state's exhibit as one on which defendant rolled back the odometer. At the

---

[1] Defendant's failure to challenge the original defective condition of probation does not waive his present challenge to the amount of restitution now ordered by the court. By setting the amount of restitution after the present hearing, the trial court cured and supplemented the earlier defective sentencing order. 57 Or App at 325. Defendant's timely objection to the amount of restitution ordered preserved his right of appeal from the order ultimately entered.

conclusion of that hearing, defendant was ordered to make restitution to the dealer to whom he had sold the automobile for both the bad check and the $2,977 loss.

■ The parties concede that the original sentencing order was defective because it delegated to the probation officer the authority to determine the amount of restitution to be paid by defendant. *State v. Rose,* 45 Or App 879, 609 P2d 875 (1980); *State v. Johnson,* 39 Or App 711, 593 P2d 1216 (1979). Defendant does not challenge the court's authority to cure that error or to order restitution for the bad check. Neither does he contend that the amount of loss suffered by Paul Phillips, Inc., was improperly determined. His only contention is that restitution could not be ordered for any of the transactions involving odometer rollbacks, because he had neither admitted nor been convicted of criminal activity involving those charges, which were dismissed as part of the plea bargain.

ORS 137.106(1) provides:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

ORS 137.103(1) defines "criminal activities" as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." Defendant contends that his admission of "civil liability" for transactions involving odometer rollbacks is not an admission of criminal conduct.

In *State v. Eastman/Kovach,* 292 Or 184, 637 P2d 609 (1981), the definition provided of ORS 137.103(1) was discussed; the court stated:

" 'Criminal activities' is a broader term than 'crime' or 'elements of crime,' and is intended to communicate a larger meaning. It includes, by definition, 'other criminal conduct admitted by the defendant,' which would seem to refer to the circumstances of the crime *as well as other crimes the defendant might own up to as in a plea bargain situation.* \* \* \* We do not mean by this opinion to fully construe the term. We mean to recognize its breadth \* \* \*." (Emphasis supplied.) 292 Or at 188.

Here the defendant, during plea negotiations, admitted responsibility for odometer rollbacks on automobiles sold by him and listed by serial number on the exhibit.

Although defendant argues that he intended to limit his liability under the criminal law by admitting only "civil responsibility," the record before us does not support that contention. The "Waiver, Arraignment and Plea to Information" order provided that "defendant admitted civil responsibility for the matters set forth in State's Exhibits 1 and 2 * * *." Exhibit 1 contained the list of automobiles with tampered odometers sold by defendant, one of which was the automobile involved here. The transcript of defendant's original sentencing hearing is not in the record before us, but a portion of that proceeding was read into the record at the restitution hearing by the trial court. That portion reveals that defense counsel stated:

"The real crux of our negotiations is that [defendant] admits civil liability for all the matters discussed with [the prosecution] *for the purpose of being required to make restitution for those matters with the speedometer rollbacks.* In most instances we don't know who the victims were, we do have a list and he will admit civil liability for those speedometer rollbacks in case the victims show up at a later date." (Emphasis supplied.)

It appears that "civil responsibility" was used by the parties to distinguish those acts to which defendant pled guilty, *i.e.,* the bad check, from those acts to which defendant admitted responsibility, *i.e.,* selling automobiles with tampered odometers. Similarly, it appears from both the plea order and the quoted portion of the earlier sentencing transcript that defendant agreed to make restitution to purchasers of such automobiles as part of the plea agreement. Here the court ordered restitution to a known[2] victim of defendant's *admitted* act of rolling back odometers on automobiles. Thus, the order setting the amount of restitution to be paid by defendant is proper.

Affirmed.

---

[2] It appears from the record of the restitution hearing from which this appeal is taken that both the victim and the amount of damages were known at the time of the original sentencing.