William Henry **RENFRO**, a/k/a Maco Renfro, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 89–105.

Supreme Court of Wyoming.

Jan. 10, 1990.

---

Leonard D. Munker, State Public Defender, PDP, Steven E. Weerts, Sr. Asst. Public Defender, PDP, and Donald K. Slaughter, Student Intern, PDP, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen Byrne, Sr. Asst. Atty. Gen., and H. Frank Gibbard, Student Intern, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

This case again presents the quintessential dispute within Wyoming criminal appeals to consider whether credit for incarceration upon pre-trial failure to post bond should be granted against either or both the minimum and maximum sentence entered under the Wyoming indeterminate sentencing statutes. A second issue presented is the recurring question of restitution computation.

Appellant William Henry Renfro (Renfro), age twenty, after involvement in a serious course of crime in Teton County, was arrested and charged with five offenses. He copped a plea to the most serious, aggravated robbery, in consideration of dismissal of the other four charges.

The sentence entered included penitentiary imprisonment for a period of not less than seven years and not more than fourteen years, a fine in the amount of $10,000 and "[t]hat the defendant pay restitution to the Clerk of the District Court on behalf of Farmer Jacks [the grocery store business victim] in the amount of $11,581.00."

The trial court did not state and the sentence did not reflect any decision about credit on the 138 days spent by Renfro in jail prior to sentencing.[1] Issues presented on appeal include indigency incarceration status of presentence jail time [2] and requirements to properly establish restitution amounts.[3]

In first addressing restitution, we find the State to agree with Renfro that the restitution amount was improperly established to provide compliance with the applicable statute, W.S. 7-9-103, since no special finding was made and no documentary support provided for determination of the amount.

(a) If the court requires restitution of a defendant, then at the time of sentencing it shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall in-

---

1. At sentencing, in advance of the trial court's announcement, counsel for Renfro asked that credit be given for presentence time served "which is about 4 and a half months." The oral pronouncement of the trial court that followed did not address either granting or denying that credit nor was any opportunity for subsequent colloquy given since court was recessed immediately after the sentence was orally given.

2. Differing from many states, Wyoming has no statutory provision relating to presentence confinement credit.

3. Since Renfro has no assets, has, at best, minimal employability, and has been in effect a public charge for at least the three prior years, future payment of either restitution or a fine is ephemeral if not totally problematical except to the extent that the fruits of the criminal offenses were recovered at arrest. However, the amount of the fine and the ability to pay the fine now or seven years from now were not raised and will not be further considered.

clude its determination of the pecuniary damage as a special finding in the judgment of conviction.

(b) To satisfy the order the clerk upon request of the victim or the district attorney, may issue execution against the defendant for any assets including wages subject to attachment in the same manner as in a civil action.

(c) The court's determination of the amount of restitution owed under this section is not admissible as evidence in any civil action.[4]

W.S. 7-9-103.

■ Reversal or remand of the restitution award is not an issue, but only whether reversal or remand for recomputation by adequate proof should be ordered.[5] We will follow our current decision on attorney's fees and proof of damages in general to determine that restitution should, in accord with the statute, be established in amount by some credible evidence, *Petty–Ray Geophysical, Div. of Geosource, Inc. v. Ludvik,* 718 P.2d 9 (Wyo.1986), and then delineated within the special finding requirement of W.S. 7-9-103. Proof of the offense from which restitution may be re-

quired is an intrinsic element of the proof of the crime and consequently requires the "beyond a reasonable doubt" character of evidence. Proof of the restitution amount as a question of sentence need only be proved by credible evidence, by a preponderance, or burden of the evidence. *Com. v. Nawn,* 394 Mass. 1, 474 N.E.2d 545 (1985).

■ We are required to address the specific issue presented of whether remand for a second chance to prove should be granted or, failing to provide sufficient evidence to prove the amount, whether the decision is reversed on the basis of inadequate evidence to sustain the decision. In order to provide a uniform approach with the present posture now developed for attorney's fees and generally for proof of damages and in order to also simplify the number of appeals with which this court is presented, we will follow the principle that where the initial computation of the amount of restitution was the result of a failure of proof, we will not normally remand for a recomputation unless we are remanding for other sentencing changes as well. *See Kaess v. State,* 748 P.2d 698

4. Actually, for determination of the restitution amount, the record reflects the trial court, in the sentencing session and after detailing confinement sentence, then asked: "What is restitution in this case?" The county attorney responded: "15 thousand 1 hundred—well, for this defendant it's going to be a little different. It would be $11,581.00, Your Honor." Without further discussion, the trial court stated, as the judgment and sentence subsequently reflected, that restitution would be in the amount stated of $11,581. Efforts at compilation indicate that the amount as related to the co-conspirator could not have included losses sustained in the one offense—armed robbery of the grocery store messenger—and may include losses in all crimes in the course of the Teton County activities. The restitution, however, by its order, was payable only to Farmer Jacks and not to the victims of the other crimes.

5. The requirement to properly prove the loss for the purpose of ordered restitution is the subject of extended case review. It is apparent that the application of restitution is a fairly recent general development in American law with expanded application. "Proof of loss for imposing restitution requires evidence sufficient to afford a reasonable basis for estimating the loss, a standard similar to that required to prove damages

in a tort action." *State v. Raleigh,* 50 Wash.App. 248, 748 P.2d 267, 269 (1988). In *White v. State,* 773 P.2d 211, 217 (Alaska App.1989), the court observed that, in accord with the argument made by appellant, there had been findings regarding the victim's actual amount of damages and then stated that "[w]e agree that the record does not reflect any such findings by the trial court. Thus, the restitution order must be vacated." *See Com. v. Nawn,* 394 Mass. 1, 474 N.E.2d 545, 550 (1985), where the court provided that "the Commonwealth bears the burden of proving by a preponderance of the evidence the amount of the victim's losses." *See also United States v. Watchman,* 749 F.2d 616 (10th Cir. 1984) (delineated that hearsay information in presentence investigation report did not suffice as proof); *People v. Frey,* 209 Cal.App.3d 139, 256 Cal.Rptr. 810 (1989); *State v. Johnson,* 68 Haw. 292, 711 P.2d 1295 (1985); and *State v. Lefthandbull,* 306 Or. 330, 758 P.2d 343 (1988). *See likewise Cartwright v. State,* 605 S.W.2d 287 (Tex.Cr.App.1980). In *People v. Chacon,* 125 Ill.App.3d 649, 80 Ill.Dec. 922, 466 N.E.2d 374 (1984), the court recognized that a speculative complaint for ordering restitution did not suffice in deletion of $15,000 from the sentence provision. *See also People v. Allen,* 119 Ill. App.3d 186, 74 Ill.Dec. 834, 456 N.E.2d 336 (1983).

(Wyo.1987). *Accord Albrecht v. Zwaanshoek Holding En Financiering, B.V.,* 762 P.2d 1174 (Wyo.1988) and *Miles v. CEC Homes, Inc.,* 753 P.2d 1021 (Wyo.1988). *See also UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584 n. 6 (Wyo.1989). Restitution in the criminal case joins other elements of the offense for proper proof by prosecution. *Sanchez v. State,* 567 P.2d 270 (Wyo.1977). *See also Keller v. State,* 771 P.2d 379 (Wyo.1989).

The general principle that proper proof is required to validate an ordered restitution and that remand does not necessarily occur unless other reasons for reversal may exist is a well-supported status within this developing category of criminal appeals. The principle of proof of amount for restitution was finitely addressed in *Kaess,* 748 P.2d 698. *See also Holtzheimer v. State,* 766 P.2d 1177 (Alaska App.1989) and *State v. Vinyard,* 50 Wash.App. 888, 751 P.2d 339 (1988), where the items were deleted which were not properly proved. *See likewise People v. Cheatum,* 148 A.D.2d 986, 539 N.Y.S.2d 222, 222 (N.Y.A.D.1989), which stated that "[b]ecause the court ordered restitution without holding a hearing and relied solely upon the probation report, we modify the sentence by deleting the provision for restitution." *Cheatum* cites the same insufficiency of proof rule from presentence investigation report, *United States v. Watchman,* 749 F.2d 616 (10th Cir.1984).

A case similar in other requirements was *State v. Blanchard,* 409 A.2d 229, 237 (Me. 1979), where initially the restitution claim was not properly proven in accord with statute. The court then struck the restitution as unrealistic when followed by a long period of incarceration. *See likewise State v. Fleming,* 125 N.H. 238, 480 A.2d 107 (1984); *State v. Madril,* 105 N.M. 396, 733 P.2d 365 (1987); *Matter of Maricopa County Juvenile Action No. J–96304,* 147 Ariz. 153, 708 P.2d 1344 (1985); and *Rodriguez v. State,* 710 S.W.2d 167 (Tex.App. 1986), where unproven amounts were deleted.

An example of proper proof for malicious mischief damage to a building is provided by *Lee v. State,* 166 Ga.App. 485, 304 S.E.2d 446, 448 (1983):

> There was extensive evidence as to the nature of the property damage fully documented by pictures and estimates. This was uncontested except for certain speculation as to who might have been responsible for the damage other than that to which the appellants explicitly admitted. It is apparent, therefore, that the trial court had competent evidence as to the damage, the amount of the damage, and the complicity of the three appellants in the causing of that damage. * * *
>
> * * * The trial court had the authority to believe the appellants were not solely involved or that they were being untruthful in their limited admissions of damage. The credibility of witnesses is a matter of resolution by the trier of fact, in this case the trial court. * * * We must conclude on the basis of the evidence developed that the trial court was warranted fully in its conclusion that the appellants alone caused the $34,600 in damages and we are satisfied that any reasonable trier of fact could have found so beyond a reasonable doubt.

*Cf. State v. Halsen,* 111 Wash.2d 121, 757 P.2d 531 (1988), where the amount was computed by the appellate court from an admission of the parties in documentary record. Specifically, we do not adopt the notion presented in Note, *Victim Restitution in the Criminal Process: A Procedural Analysis,* 97 Harv.L.Rev. 931, 944 (1984) that restitution, as a punitive sanction, is not limited by the amount of harm the offender inflicted on the victim or that the amount of restitution ordered, like the magnitude of any other sanction, bears only upon the degree of deprivation that the offender will suffer. This rule of adequacy of proof of amount required for restitution was directly addressed by our decision in *Kaess,* 748 P.2d at 699 as the approach which we now continue.

◼ The reason for this requirement of damage proof is highlighted here. If the amount stated in the sentence were to be approved and the millennium subsequently arrives so that all of it was to be "repaid,"

Farmer Jacks would receive money which, by reasoned computation within this record, never was taken or ultimately lost.[6] The record provides no evidence of the total loss. Comments of the prosecuting attorney, unless identifying trial evidence or directing attention to file documentation or other credible evidence, cannot be substituted for proof.

The second issue presented of frequent concern to this court is credit upon the sentence for presentence incarceration. This court is convinced that rules should now be finitely established that end opportunity or obligation for further appeals on this subject.

From *Jones v. State*, 602 P.2d 378 (Wyo. 1979) (Jones I) to *Jones v. State*, 771 P.2d 368 (Wyo.1989) (Jones II), there were eight cases, and this is ninth where this court has addressed presentence incarceration credit against sentences. In review of these nine cases, we seek to establish rules which should bring this course of continued appeals to an end for this category of litigation by finite criteria for a determinable result.

In *Jones I*, 602 P.2d at 381 the holding as limited was stated:

The law in jurisdictions which lack a statute governing credit for pre-sentence detention appears to be predominantly that the trial judge has discretion to award or deny credit for time spent in pre-sentence detention. * * * However, there is some authority that this discretion exists only in cases in which the sum of the pre-sentence detention plus the

sentence given does not exceed the maximum allowable sentence.

Next followed *Pote v. State*, 695 P.2d 617, 628 (Wyo.1985), where it was reflected on this issue:

The seventh issue raised by appellant is governed by our holding in *Jones v. State*, Wyo., 602 P.2d 378, 381 (1979):

" * * * We hold that a trial judge has discretion to deny or grant credit for time served in pre-sentence custody where: (1) the pre-sentence custody is not due to the defendant's indigency, and (2) the sum of the time spent in pre-sentence custody plus the sentence does not exceed the maximum allowable sentence."

We will not be concerned with whether appellant was indigent prior to sentencing. The trial court found specifically that he was not, yet he was represented at trial and on appeal by the office of the public defender. Our concern is whether the sum of the time spent in pre-sentence custody plus the sentence exceeds the maximum allowable sentence.

Since the trial court had imposed a single maximum sentence in remand, the trial court was directed to give appellant credit for the presentence incarceration on the maximum sentence time.

In *Hedge v. State*, 696 P.2d 51 (Wyo. 1985), an "unlawful sentence" was originally imposed and then corrected by the trial court to give credit against the maximum. In recognizing the decision of *Jones I*, the court held that with credit against the maximum, the sentence was within state limits

---

**6.** The record reflects that about $4,000 in cash and around $20,000 in checks was taken in the messenger robbery. Cash funds recovered from the two robbers totalled approximately $2,350, leaving a cash deficiency of $1,650 if the $4,000 was accurate. Some of the checks (there is no proof how many) were burned and nothing is indicated as to how much of the approximated $20,000 in check amounts actually constituted a business loss. No one from the business provided written documentation or testified about the amount of loss. If the other participant, Gregory R. Litzelman, was charged with about $15,000 and Renfro was obligated for $11,581, the restitution is greater than the amount taken, even if no cash had been recovered and all of the checks did constitute a total loss. As an

issue not now directly considered, it is apparent that two different rules exist whether only the crime of conviction can be involved in required restitution unless a plea bargain agreement is otherwise made. *Nelson v. State,* 628 P.2d 884 (Alaska 1981); *State v. Monick,* 125 Ariz. 593, 611 P.2d 946 (1980); *People v. Quinonez,* 735 P.2d 159 (Colo.1987); *State v. Beaudoin,* 503 A.2d 1289 (Me.1986); *State v. Berman,* 50 Wash. App. 125, 747 P.2d 492 (1987). Within the case discussion in the absence of statutory provisions which expands application, the case law confines restitution to the offense of conviction unless a different plea bargain is made. The converse principles seem primarily to be found in Oregon cases. *State v. Davis,* 57 Or.App. 322, 644 P.2d 623 (1982).

and credit against the minimum was not required without regard for appellant's indigency. *Hedge* was rapidly followed by *Munden v. State*, 698 P.2d 621, 627 (Wyo. 1985), where again the court required credit against the maximum in stating:

> As to the credit for presentence detention, we have recently set out the applicable test. In *Hedge v. State*, Wyo., 696 P.2d 51 (1985), we stated that it is within the trial court's discretion to grant or deny credit for time served in presentence detention if (1) the detention is not due to the defendant's indigency, and (2) the sum of the time spent in presentence detention plus the sentence given upon conviction does not exceed the maximum allowable sentence. See *Jones v. State*, Wyo., 602 P.2d 378 (1979).

The State acknowledges that appellant was indigent and his presentence confinement was due to his indigency, and then wisely concedes that appellant must be given credit against his maximum sentences for his presentence detention. The record reflects appellant was arrested on January 17, 1984, and his judgment and sentence was filed on June 7, 1984. Accordingly, he should receive credit of 142 days against his maximum sentence.

A year later, the issue again reappeared where appellant was indigent and was in presentence confinement for sixty days with a sentence given for the maximum without credit. Again, this court reversed to require credit against the maximum but not against the minimum. In *Heier v. State*, 727 P.2d 707, 709–10 (Wyo.1986), this court stated:

> As an indigent, appellant is entitled to credit for sixty days off the maximum sentence. *Pote v. State, supra.* Otherwise, the time spent in presentence confinement plus the ten year sentence would exceed the statutory maximum of ten years.

> \*    \*    \*    \*    \*    \*

A minimum sentence need not be reduced by the time spent in presentence detention. This is within the discretion of the judge and we will reverse only when there is an abuse of discretion.

In *Harley v. State*, 737 P.2d 750, 756 (Wyo.1987), we were again required to address the subject and change the sentence:

> It is clear from *Heier v. State*, supra, and *Hedge v. State*, supra, that the credit must be applied to the maximum sentence imposed. If the maximum sentence plus the pre-sentence confinement time exceeds the statutory maximum sentence, it is illegal, *Heier v. State*, supra, and it is simply discretionary with the trial court whether it also wishes to credit presentence confinement on the minimum sentence.

*Lightly v. State*, 739 P.2d 1232 (Wyo. 1987) followed where the defendant was specifically denied credit against the maximum with another argument presented that the presentence confinement need not be considered because if he had posted bond, he might have been retained in jail as a federal prisoner. Concluding on the record that he was a state prisoner, this court again remanded for failure to give credit against the maximum sentence of eighty-five days presentence confinement. This court in *Lightly*, 739 P.2d at 1233–34 stated:

> Recently, in *Harley v. State*, Wyo., 737 P.2d 750 (1987), we held that Harley was entitled to credit for pre-sentence confinement against his maximum sentence and relied upon the rule expressed in *Jones v. State*, Wyo., 602 P.2d 378, 381 (1979), that:
>
> > " \* \* \* [A] trial judge has discretion to deny or grant credit for time served in pre-sentence custody where: (1) the presentence custody is not due to the defendant's indigency, and (2) the sum of the time spent in pre-sentence custody plus the sentence does not exceed the maximum allowable sentence." [1]

If Lightly was in custody because of his indigency or if the sum of his time in pre-sentence confinement plus the sentence exceeds the maximum allowable term, he is entitled to relief. On this record, both of those things occurred.

---

[1] Prior applications of this test have treated it as conjunctive. E.g., *Harley v. State*, Wyo., 737 P.2d 750 (1987); *Heier v. State*, 727 P.2d 707 (1986). Further reflection on *Jones v. State*, Wyo., 602 P.2d 378 (1979), has convinced us that the test should be perceived as disjunctive.

Different concerns are raised by each prong of the test. Indigency invokes the constitutional requirements of equal protection; imprisonment in excess of the term set by statute raises jurisdictional concerns.

The eighth case which followed was *Jones II*, 771 P.2d 368. Actually, the issue was more complex since the ninety percent *Duffy* rule was implicated which arose by statutory changes after *Duffy v. State*, 730 P.2d 754 (Wyo.1986), requiring that the minimum cannot be more than ninety percent of the maximum. *Jones II* also presented the issue about the effect if the trial court did not state whether credit was considered and granted or denied.

This court stated:

When an indigent is incarcerated for a period, including the presentence time, which exceeds the maximum penalty for his offense, it is unquestionable that he has been punished more severely than one who could afford to obtain presentence release. The sentencing court in such an instance, by violating a defendant's right to equal protection, has clearly abused its discretion. *Matthews v. Dees*, 579 F.2d 929, 931 (5th Cir.1978). However, when a sentence is within the statutory range, it is difficult to say which factors formed the basis for the sentencing court's decision to determine whether credit was actually given for time served.

There is division among the appellate courts that have encountered this difficulty as to whether they should presume that sentencing courts adhered to their constitutional duties and granted such credit. *Godbold v. Wilson*, 518 F.Supp. 1265, 1267 n. 5 (D.Colo.1981). Appellant urges us to follow the lead of those courts who refuse to grant that presumption on review. We find no mandated advantage in selection of this application. For example, the court in Godbold, pursuant to a federal habeas corpus petition, declared that sentencing courts would be required to explicitly credit defendants with presentence time served when that incarceration occurred solely because of

indigence. Absent an express reference to the credit in the sentencing orders, that court indicated it would find such sentences unconstitutional. That court freely admitted, however, that the sentencing court could, through the legitimate exercise of its discretionary power, merely increase sentences so as to avoid the intended effect of the decision. Id. at 1269.

We anticipate that trial courts adhere to constitutionally limiting criteria and apply the presumption of compliance on an appeal challenging length of sentence. In constitutional perspective, the sentencing court was required separately to credit presentence time served to the *minimum* term of appellant's sentence. This is the mandatory, not discretional issue of confinement credit application. *Jones II*, 771 P.2d at 371 (footnote omitted).

*Jones II* was published March 21, 1989, and now in this case, Renfro appeared for sentencing on April 12, 1989, with a written judgment and sentence entered on April 18, 1989. Obviously, the sentencing judge chose not to state what consideration, if any, he gave to the requested credit except, in effect, to deny its application. In the face of the specific request that credit be given and the direct result that it was not done, we are not justified in applying the presumption of constitutional compliance addressed in *Jones II* for disposition of this case.[7]

We will approach this task on a basis of rules which should be sufficient to resolve the effects of presentence confinement on sentences previously entered and a prospective rule to apply for sentences which will be hereafter rendered.

Rules for existing sentences are:

1. Granting or denying presentence confinement credit against either or both minimum or maximum sentences rests in the sentencing discretion of the trial court unless the maximum actually entered plus presentence confinement time exceeds the statutory maximum.

---

7. Additionally, like the comment in *UNC Teton Exploration Drilling, Inc.*, 774 P.2d 584, the time has come to seek to resolve this proliferating issue in Wyoming criminal law of a document-ed or determined decision. There, attorney's fees and computational proof—here, presentence confinement and determined credit.

2. Additionally, the minimum with whatever credit is given should not be over ninety percent of the maximum with whatever credit is given to it if the sentence was entered after May 22, 1987. Wyo.Sess. Laws ch. 157 (1987).

3. If the defendant is indigent, the trial court is not vested with discretion to deny credit for presentence confinement and, in such instances, the credit automatically will be afforded against both the minimum and maximum sentence.

4. If the trial court did not elect to clarify on sentencing record or in the final sentence as entered whether the credit will be given presentence incarceration, credit will automatically be applied in favor of both the minimum and maximum sentence. The documentary record of presentence confinement time shall be used by the warden of the penitentiary and the parole board to determine length of sentence and appropriateness of release dates if nothing is provided in the judgment and sentence as to the grant or denial of presentence confinement incarceration.[8]

The prospective rule for sentences entered following the publication date of this opinion is:

■ Credit will be automatically granted for presentence incarceration time on all sentences. We will presume that in imposing the stated sentence, the trial court, in its exercise of discretion, considered presentence confinement. Consequently, without regard for what is or is not stated in the sentence, credit for presentence confinement will be applied to reduce the length of remaining incarceration under the sentence. As long as the maximum and minimum terms remain within statutory limits, discretion of the trial court continues to establish the periods which obviously include recognition of presentence confinement.[9]

We adopt the goal of the American Bar Association Standards for Criminal Justice for "the purpose * * * to end * * * technical distinctions by granting a comprehensive credit that treats all periods of confinement attributable to the underlying criminal transaction as equivalent, no matter what label is attached to such incarceration. To this end, [we would] require[ ] the credit to be offset against both the minimum and maximum terms imposed, * * *." III ABA Standards for Criminal Justice 18.310 (2d ed. 1980).[10]

This resolution provides certainty of result, clarity of rules, and preservation of equal protection of constitutional interests. *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). *See* Berger, *Equal Protection and Criminal Sentencing: Legal and Policy Considerations*, 71

---

8. Presentence confinement incarceration is defined as incarceration for inability and failure to post bond *on the offense for which the sentence is entered and does not include revoked probation or other confinement that would continue to exist without regard for bond posting capabilities in this particular proceeding.* Obviously, clarity and clarification in the judgment and sentence is highly preferred to any presumed credit as an assumed intent of the sentencing trial judge. *See Lightly,* 739 P.2d 1232 and *Bayless v. Estelle,* 583 F.2d 730 (5th Cir. 1978).

9. In order to avoid a further course of appellate inquiries, it should be recognized that presentence confinement credit has no effect on rules adopted for good time or special good time under W.S. 7–13–420 where application of the provisions of the statute and adopted rules are confined to events in confinement occurring after actual rendition of the sentence for persons then incarcerated at the state penitentiary or women's center. *See Duffy,* 730 P.2d at 774, appendix A, Urbigkit, J., dissenting.

10. In result, we would follow generally the standard developed by III ABA Standards for Criminal Justice, *supra,* at 18.307–08:
Standard 18–4.7. Credit for pretrial confinement
(a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed.
(b) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody under a prior sentence if the defendant is later reprosecuted and resentenced for the same offense or for another offense based on the same conduct. In the case of such a reprosecution, this should include credit in accordance with

Nw.U.L.Rev. 29 (1976); Schornhorst, *Presentence Confinement and the Constitution: The Burial of Dead Time*, 23 Hastings L.J. 1041 (1972); Stacy, *Constitutional Right to Sentence Credit for Pre-Trial Incarceration*, 41 U.Cin.L.Rev. 823 (1972); Comment, *Prisoners' Rights and Equal Protection*, 20 Am.U.L.Rev. 482 (1970–71); Note, *Sentence Crediting for the State Criminal Defendant—A Constitutional Requirement*, 34 Ohio St.L.J. 586, 593 n. 35 (1973); and Note, *Constitutional Law—Sentencing—Withholding Good Time Credit From Prisoners Awaiting Appeal. Pruett v. Texas*, 468 F.2d 51 (5th Cir.1972), *aff'd en banc*, 470 F.2d 1182 (5th Cir.1973), 51 Tex.L.Rev. 348 (1973).

Reversal of the restitution order by virtue of this decision does not determine that cash or any other assets properly claimable by the victims should not be returned to the rightful owner. This decision, as a consideration of criminal responsibility, does not determine civil liabilities. *Fleming*, 480 A.2d 107.

Reversed and remanded for an entry of a judgment in conformity herewith.

paragraph (a) for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same conduct.

(c) If a defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum term and any minimum term of the remaining sentences should be given for all time served since the commission of the offenses on which the sentences were based.

(d) If the defendant is arrested on one charge and later prosecuted on another charge growing out of conduct which occurred prior to arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution should be given for all time spent in custody under the former charge which has not been credited against another sentence.

(e) To avoid ambiguities, the award of credit for pretrial incarceration should be automatic and mechanical, and affirmative action by the sentencing court should be unnecessary. A procedure consistent with this principle is specified in standard 18–6.8.

(f) The policies of sentencing authorities and those of other agencies empowered to determine the date of actual release should be carefully coordinated in the area of sentencing credit to achieve consistency of application and the abolition of any distinction between pretrial and posttrial confinement. In particular, where the agency administering early release employs guidelines to determine the presumptive date of such release, credit for pretrial confinement should also be given against such presumptive term. To the extent that full integration of policies respecting sentencing credit is not achieved, the sentencing court should make corresponding adjustments in the sentence it imposes to ensure that the defendant who is confined before trial receives full credit therefor.

(g) These standards do not address the question of whether credit should be given against the maximum term for good conduct within the correctional institution or for compliance with institutional rules.
Standard 18–6.8 provides:
Procedure for awarding credit
The credit required by standard 18–4.7 should be awarded in the following manner:

(a) The parties should communicate to the court at the time of sentencing the facts upon which credit for time served prior to sentencing will be based;

(b) The court should inform the defendant at the time of sentencing of the defendant's status on the issue of credit for time previously served;

(c) The court should assure that the record accurately reflects the facts upon which credit for time served prior to sentencing will be computed, but, to avoid possible ambiguities, the court should not itself award such credit or otherwise reduce the sentence for time served;

(d) The custodian should communicate to the prison authorities at the time the defendant is delivered for commitment the amount of time spent in custody since the imposition of sentence;

(e) The credit to be awarded against the sentence should be computed by the prison authorities as soon as practicable and automatically awarded;

(f) The prison authorities should inform the defendant of his or her status as soon as practicable; and

(g) The defendant should be afforded an avenue of postconviction review for the prompt disposition of questions which may arise as to the amount of credit which should have been awarded.
Id. at 18.491–92.