**John Edward WEEDMAN,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 89–239.**

Supreme Court of Wyoming.

June 15, 1990.

Leonard Munker, State Public Defender, Michael Cornia, Asst. Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Donald K. Slaughter, Student Intern (argued), for appellant.

Joseph B. Meyer, Atty. Gen., John R. Renneisen, Deputy Atty. Gen., and Mary B. Guthrie, Sr. Asst. Atty. Gen., (argued), for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

Appellant pled guilty to charges of burglary and first degree sexual assault. He was sentenced to twelve to thirty-five years for the sexual assault and three to eight years for the burglary, with the sentences to run concurrently. Appellant received credit against the minimum sentence for the 170 days of time served prior to sentencing on the sexual assault conviction. He now asks that we modify the sentence to give credit for time served against the maximum of both sentences and to give credit against the minimum burglary sentence.

This issue is controlled by our recent decision in *Renfro v. State*, 785 P.2d 491 (Wyo.1990). In that case we retroactively eliminated the trial court's discretion to deny credit for presentence confinement in all cases where the defendant is indigent. 785 P.2d at 498. A defendant is considered indigent for the purposes of applying *Renfro* if he is incarcerated due to inability to post bond on the offense which results in the sentence. 785 P.2d at 498 n. 8. The record reflects that appellant in this case was unable to post bond and was incarcerated upon the charges which resulted in the sentences at issue here. Accordingly, he was indigent as defined in *Renfro* and is automatically entitled to credit against both the minimum and maximum sentences. 785 P.2d at 498.

The *Renfro* decision does not directly address the precise question here presented, which is the application of credit when unequal concurrent sentences are imposed. The State argues that applying credit against the shorter burglary sentence would have no effect because appellant must serve the longer minimum sentence for the sexual assault in any event. While in the majority of cases this would be correct, it is possible that circumstances could arise where the longer sentence would not be served, such as commutation or pardon. To ensure that credit is consistently granted, we hold that credit should be granted against the minimum and maximum term of each concurrent sentence.

Remanded for entry of judgment consistent with this opinion.

THOMAS, J., dissenting.

THOMAS, Justice, dissenting.

I cannot agree that "credit should be granted against the minimum and maximum term of each concurrent sentence." Consequently, I must dissent.

Recognizing that, in the instance of concurrent sentences, the end result is no different, I am firmly convinced that credit for presentence confinement should be given only once. Conceptually, awarding credit for presentence confinement on two different sentences is no different from awarding credit twice on one sentence. In *Jones v. State*, 771 P.2d 368, 373 (Wyo. 1989), we said, with respect to the latter situation, that "doubling of presentence incarceration credit is unjustified as well as unauthorized and constitutes an abuse of discretion by the sentencing court." If presentence confinement is to be awarded on each of two concurrent sentences, how is it to be awarded on five concurrent sentences? If it is awarded on each sentence, how can we avoid transferring the rule to consecutive sentences?

The correct rule has been articulated by the Florida Court of Appeals. That court said:

"* * * [I]t is important to point out that a defendant will be given credit only *once* for the total time spent prior to sentencing; if he is sentenced on another charge by the same or another judge duplicate jail time credit cannot be given." *Lawrence v. State*, 306 So.2d 561, 562 (Fla.App.1975) (emphasis in original).

Other courts have arrived at the same conclusion. *Prichard v. State*, 441 So.2d 1052 (Ala.Cr.App.1983); *State v. Caffey*, 445 S.W.2d 642 (Mo.1969), *cert. denied* 397 U.S. 996, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970); *Richardson v. State*, 632 S.W.2d 13 (Mo. App.1982). Read carefully, the New Mexico cases are not contrary authority. See *State v. Page*, 100 N.M. 788, 676 P.2d 1353 (N.M.App.1984); *State v. Ramzy*, 98 N.M. 436, 649 P.2d 504 (N.M.App.1982).

In the case of concurrent sentences, it is not necessary that the defendant be given credit on both sentences to assure that it will be afforded if one of the sentences is reversed or vacated. The time served under the sentence that is reversed or vacated is legally referable to the remaining concurrent sentence or sentences. *Ekberg v. United States*, 167 F.2d 380 (1st Cir.1948). See 24 C.J.S. *Criminal Law* § 1582 (1989).

That time to be referred to the remaining sentence must include the time that was served presentence.

I am satisfied that the correct rule is that, in Wyoming, a defendant must be given credit for presentence confinement against both the minimum and maximum term, but that credit appropriately should be given only once. I dissent from the opinion of the court awarding double credit.