Scott A. WOLFE, Appellant (Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 91–203.

Supreme Court of Wyoming.

Dec. 20, 1991.

Leonard D. Munker, State Public Defender; Gerald M. Gallivan, Director, Defender Aid Program; and Donald L. Fuller, Student Director, Defender Aid Program, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., and Barbara L. Boyer, Sr. Asst. Atty. Gen., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

PER CURIAM.

Appellant Scott A. Wolfe pled guilty, pursuant to a plea bargain, to the crimes of kidnapping and attempted second degree sexual assault. The judgment and sentence was entered on July 21, 1989, assigning Wolfe to terms of not less than four, nor more than eight years, in the state penitentiary for each of the two counts, the sentences to be served concurrently. The judgment and sentence was specific in stating Wolfe was not to receive "credit for time previously served in the Natrona County Jail or for treatment and evaluation at the Wyoming State Hospital."

Wolfe filed two motions seeking reduction or correction of his sentence; the latter for the reason that he had not received credit for presentence confinement as required by *Renfro v. State*, 785 P.2d 491 (Wyo.1990). The motions were denied. Wolfe now appeals.

The plea bargain to which Wolfe agreed had many features. Some charges were reduced, some were dropped altogether and a habitual criminal count was eliminated. In addition, the district attorney arranged that the state of Colorado would drop its pending charges and permit Wolfe to simply serve his time in Wyoming. It was agreed the sentences should be four to eight years on each count, to be served concurrently, and that he would receive no credit for presentence incarceration.

The sentence was imposed prior to our decision in *Renfro*. We hold this case is governed by our decision in *Asch v. State*, 784 P.2d 235 (Wyo.1989). The sentence imposed does not exceed the maximum allowable under the governing statutes. The time Wolfe spent in presentence confinement was taken into account in imposing sentence. The sentence imposed was within the district court's broad discretion.

The order of the district court denying the motion to correct or reduce sentence is affirmed.