David A. MILLADGE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94–164.

Supreme Court of Wyoming.

Aug. 14, 1995.

David A. Milladge, pro se.

Joseph B. Meyer, Atty. Gen.; Sylvia Lee Hackl, Deputy Atty. Gen.; D. Michael Pauling, Sr. Asst. Atty. Gen.; Mark T. Moran, Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

THOMAS, Justice.

The only issue in this case is whether David Milladge (Milladge) is entitled to credit on his sentence for time served in presentence confinement, which he sought by a Motion to Vacate or Correct Sentence under WYO.R.CRIM.P. 35(a). In addressing that question, we must apply WYO.R.CRIM.P. 32(c), which formalizes our decision in *Renfro v. State,* 785 P.2d 491, 498 (Wyo.1990). After pleading guilty to felony check fraud in Cheyenne and then in Laramie, Milladge first was sentenced to a term of not less than three and one-half, nor more than four and one-half, years on the Cheyenne charge. In that sentence, he was granted credit for ninety-eight days of presentence confinement.

His subsequent sentence for the Laramie charge was for a term of not less than two years nor more than five years to run consecutively to the Cheyenne sentence. No credit was given for presentence confinement on the Laramie sentence. In both instances, the execution of the sentence was suspended, and he was placed on probation. When his probations were revoked, the sentences imposed upon Milladge were modified by the district court for the Second Judicial District so that the Cheyenne sentence was to be served concurrently with the Laramie sentence. In modifying the Cheyenne sentence and imposing it to run concurrently with the Laramie sentence, the district court specified it had taken Milladge's presentence confinement into account. It did not follow Wyo. R.Crim.P. 32(c), however, and we are unable to fashion a correct award for time spent in presentence confinement in Laramie from the record. We remand the case for the limited purpose of written findings to comply with the provisions of Wyo.R.Crim.P. 32(c).

In his Brief of Appellant, Milladge offers this statement of the issue:

> Whether appellant should be credited with 198 days of time served to be credited against the minimum and maximum term of all phases of appellant's sentence for time served in the county jail while waiting disposition of his case; whether the officials of the Wyoming State Penitentiary should be ordered to comply with the original judgment and sentence in appellant's case wherein the court ordered that appellant be credited with all time served in presentence confinement consisting of 98 days.

In its Brief of Appellee, the State parses the matter into two issues as follows:

I. Whether the district court abused its sentencing discretion by failing to specifically grant credit for presentence confinement where the appropriate amount of credit was considered and awarded in its modification of the sentences.

II. Whether the modified sentence of the district court which incorporated presentence confinement credit was within the maximum and minimum statutory sentencing limits of WS § 6–3–702(a)(b)(iii).

Milladge first was charged in Cheyenne with felony check fraud in violation of Wyo. Stat. § 6–3–702(a)(b)(iii) (1988).[1] When he was sentenced on that charge, after pleading guilty, it was to a term of not less than three and one-half, and not more than four and one-half years to be served in the Wyoming penitentiary. He specifically was given credit for ninety-eight days spent in presentence confinement. The judgment and sentence of the court in the Cheyenne case provided the sentence should be served "concurrently with any other jurisdiction." Later, Milladge entered a plea of guilty to another felony check charge in Laramie. In that case, he was sentenced to a term of not less than two years nor more than five years, but that sentence was imposed to run consecutively to the Cheyenne sentence. In both cases, the execution of the sentence was suspended, and he was placed on probation.

Approximately a year later, in Laramie, the district court for the Second Judicial District revoked Milladge's probation on the Laramie charge and reimposed the previously suspended sentence. About one month later, the district court for the First Judicial District in Cheyenne, with Milladge's consent, transferred his probation revocation on that charge to Laramie, pursuant to Wyo.

1. Wyo.Stat. § 6–3–702(a)(b)(iii) (1988) provides, in pertinent part, as follows:

(a) Any person who knowingly issues a check which is not paid because the drawer has insufficient funds or credit with the drawee has issued a fraudulent check and commits fraud by check.

(b) Fraud by check is:
\* \* \* \* \* \*
(iii) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,-000.00), or both, if the fraudulent check was for the sum of five hundred dollars ($500.00) or more, or if the offender is convicted of fraud by check involving two (2) or more checks issued within any sixty (60) day peri-

R.CRIM.P. 21.[2] Within a week, the district court in Laramie was convened to revoke probation on the Cheyenne charge and to modify the Laramie sentence and the Cheyenne sentence. At the hearing, Milladge's probation on the Cheyenne charge was revoked.

At that time, the court made these comments with respect to sentence:

> THE COURT: All right. If you would stand with your attorney, I'll try to clarify this conflict between the Cheyenne sentence and the—and the Albany County sentence so that you—your time will be clear, because there are a number of variables here that I need to address.
>
> First of all, the Cheyenne sentence was not less than three-and-a-half nor more than four-and-a-half years, but it gave you credit for 98 days, so I don't—I don't know if, that's about a little over three months, so you would also start off with three-and-a-quarter years to four-and-a-half years.
>
> This court, on the Albany County probation violation gave you not less than two nor more than five years, but it was consecutive to the time in Cheyenne. You've also spent some time in the Albany County Jail, and I don't know if you're entitled to credit for that on a probation revocation. I don't think so.
>
> So I just want to make it clear that I'm going to clear out all the Judgment and Sentences and modify them as follows, so that you will be doing the following time, and I'm going to modify the Cheyenne sentence, now that I have jurisdiction over that, and it is going to be run concurrent with the Albany County sentence, so that there is no consecutive time, and the time you serve will be the time that I now will announce, and I have taken into consideration all the credits for time served off the Cheyenne sentence in modifying the Chey-

enne sentence, so that this time is the time.

> It is the Judgment and Sentence of this court that you serve a term in the Wyoming State Penitentiary of not less than two nor more than five years, concurrent time Albany County, Cheyenne * * *.

The Order Upon Probation Revocation Hearing provided:

> WHEREFORE, IT IS HEREBY ORDERED that the Defendant's probation is revoked and the Court reimposes the underlying sentence that the Defendant be incarcerated in the Wyoming State Penitentiary for a term of not less than two years and not more than five years, with no credit being given for time served.
>
> IT IS FURTHER ORDERED that the Defendant's sentence in the First Judicial District, under Docket Number 21295, shall run concurrent with the sentence under this docket, and the sentence is modified to a sentence of not less than two years to not more than five years with no credit being given for time served.

Following the imposition of the sentences, as modified, Milladge filed a Motion to Vacate or Correct Sentence in the district court in Laramie. He appeals the denial of that motion, stating the court abused its discretion by denying the time he served in the county jail awaiting disposition of his case. Milladge's concern revolves around his belief that the records show he never has been credited with the ninety-eight days from the original judgment, fifty-eight days awaiting the original Laramie sentencing, and 140 days after the revocation of his probation.

Wyoming has no statutory provision relating to presentence confinement credit, but we have codified certain requirements in WYO.R.CRIM.P. 32(c), which provides in pertinent part:

---

od in the state of Wyoming totaling five hundred dollars ($500.00) or more in the aggregate.

2. WYO.R.CRIM.P. 21 provides in pertinent part:
 * * * * * *
 (b) *Other cases.*—For the convenience of parties and witnesses, and in the interest of justice, the court upon consent of the parties may transfer the proceeding as to that defen-

dant or any one or more of the counts thereof to another county.
 (c) *Proceedings on transfer.*—When a transfer is ordered the clerk shall transmit to the clerk of the court to which the proceeding is transferred the court file in the proceeding or duplicates thereof and any bail taken, and the prosecution shall continue in that county.

(c) *Sentence.*

 * * * * * *

(2) Contents.—A written sentence shall be signed by the judge and entered by the clerk of court without delay. The sentence may be included in the judgment or separately entered. As a minimum it shall:

(A) State each offense for which sentence is imposed, including the statute number and whether the offense is a felony or a misdemeanor;

(B) State the sentence imposed for each convicted offense including for felonies the minimum and maximum term and state whether multiple sentences are to run concurrently or consecutively;

(C) State whether the sentence is to run concurrently with or consecutive to any other sentence being served or to be served by the defendant;

(D) If probation is not granted, state whether probation was considered by the court;

(E) **Include a finding of all time served by the defendant in presentence confinement for any sentenced offense;**

(F) **State the extent to which credit for presentence confinement is to be given for each sentenced offense;** * * *. (Emphasis added.)

Neither Milladge nor the State alludes to this rule in the briefs filed in this case.

■ The Order Upon Probation Revocation Hearing does not comply with the provisions of WYO.R.CRIM.P. 32(c)(2)(E) since it does not "include a finding of all time served by the defendant in presentence confinement for any sentenced offense." The record is clear that, when Milladge was sentenced in Cheyenne, the court found he had served a total of ninety-eight days in presentence confinement, and he was given credit against both the minimum and maximum terms for that number of days. The record is silent as to any days served in presentence confinement in the county jail in Laramie before sentencing occurred on the Laramie charge. It appears, however, that the warrant on the charge in Laramie was executed on January 27, 1993, and Milladge was not sentenced until February 23 or 24, 1993. Apparently, the State concedes he was confined for twenty-eight days awaiting sentencing on the Laramie charge. What is not accounted for is the period between the sentencing on the Cheyenne charge on January 20, 1993, and the execution of the warrant on the Laramie charge on January 27, 1993.

■ The district court apparently complied with WYO.R.CRIM.P. 32(c)(2)(F) when it stated "with no credit being given for time served." However, the Order Upon Probation Revocation Hearing runs afoul of our decision in *Renfro*. We said in that case:

The prospective rule for sentences entered following the publication date of this opinion is:

Credit will be automatically granted for presentence incarceration time on all sentences. We will presume that in imposing the stated sentence, the trial court, in its exercise of discretion, considered presentence confinement. Consequently, **without regard for what is or is not stated in the sentence, credit for presentence confinement will be applied to reduce the length of remaining incarceration under the sentence.** As long as the maximum and minimum terms remain within statutory limits, discretion of the trial court continues to establish the periods which obviously include recognition of presentence confinement.

*Renfro*, 785 P.2d at 498 (emphasis added, footnote omitted).

This judicial rule was adopted in response to ambiguities in sentencing when the trial court in that case did not state, and the sentence did not reflect, any decision about credit regarding 138 days spent by the defendant in presentence confinement. We went on to say, "[t]his resolution provides certainty of result, clarity of rules, and preservation of equal protection of constitutional interests." *Renfro*, 785 P.2d at 498 (citations omitted).

■ The court's Order Upon Probation Revocation Hearing obviously cannot be re-

lied upon by the State to avoid credit on Milladge's sentence for time spent in presentence confinement on the charge in Laramie. *Renfro* was premised upon the requirement that credit for presentence incarceration be afforded when the defendant is incarcerated because of his inability to post a bond. A defendant who has been confined prior to being sentenced because of inability to post bail is entitled to receive a credit against the sentence for the time spent in presentence confinement. *Renfro,* 785 P.2d at 498. When a sentencing court erroneously fails to award a presentence confinement credit, a later denial of a motion to correct the illegal sentence constitutes an abuse of discretion. *Ramirez v. State,* 800 P.2d 503, 504 (Wyo. 1990).

When we returned to a similar problem in *Eustice v. State,* 871 P.2d 682, 685 (Wyo. 1994), we said:

> Under our current rules of criminal procedure, a sentence must contain both a finding of the amount of the presentence confinement and either an express award or an express denial of a credit for that presentence confinement. W.R.Cr.P. 32(c)(2)(E) & (F); *accord* W.R.Cr.P. 32(a)(3)(C) (similar requirement for contested information contained in the presentence investigation report). Despite our rules, these issues continue to plague our docket; therefore, we deem it appropriate to refine our standard procedure for awarding a presentence confinement credit. *See Renfro,* 785 P.2d at 497 n. 7.

If a sentence fails to comply with W.R.Cr.P. 32(c)(2)(E) or (F), the accused would be entitled to have a limited remand for a new award of a credit unless we have been able to fashion a correct award from the record. *Compare Mehring v. State,* 860 P.2d 1101 (Wyo.1993) (limited remand for written findings to correct violations of W.R.Cr.P. 32(a)(3)(C)(ii)); and *Rivera v. State,* 840 P.2d 933 (Wyo.1992) (remand not necessary when the Supreme Court can accomplish amendment to judgment and sentence). On remand and resentencing, "we assume appellants will not be punished for exercising their constitutional right to appeal." *Griebel v. State,* 763 P.2d 475, 478 (Wyo.1988).

Since no credit was afforded for any presentence confinement on the charge in Laramie, we remand this case for the limited purpose of determining that time, if any, and awarding a credit against the Laramie sentence. WYO.R.CRIM.P. 32(c)(2)(E) establishes how the credit will be determined.

As the sentences now stand, the Laramie sentence will be served with the Cheyenne sentence being served concurrently. The question not raised by the parties is the manner in which the time spent in presentence incarceration is to be credited in an instance in which sentences imposed in two different courts are made to run concurrently. Milladge asserts this case is controlled by *Weedman v. State,* 792 P.2d 1388 (Wyo. 1990), but that case is distinguishable.

In *Weedman,* where disparate sentences were imposed in the same court for separate crimes, the court ruled credit should be given against the minimum and maximum terms for both crimes, even though they were to be served concurrently. The presentence confinement was the same for both offenses. Here, while the record is less than precise, it appears Milladge first was incarcerated in Cheyenne while awaiting sentence. He then was incarcerated in Laramie for some period of time while awaiting sentence on that charge. The Cheyenne sentence ultimately was made to run concurrently with the Laramie sentence. Whether or not ninety-eight days are credited to the Cheyenne sentence, it is impossible for Milladge to complete the Cheyenne sentence before finishing the Laramie sentence.

Milladge wants the ninety-eight days of incarceration in Cheyenne to be credited on the Laramie sentence. This contention is contrary to what we said in *Van Duser v. State,* 796 P.2d 1322, 1325 (Wyo.1990) (emphasis added):

> For the purposes of granting credit against a prison sentence, presentence confinement is
>
> **"incarceration for inability and failure to post bond on the offense for which the sentence is entered and**

does not include revoked probation or other confinement that would continue to exist without regard for bond posting capabilities in [the] particular proceeding. 785 P.2d at 498 n. 8." *Prejean v. State,* 794 P.2d 877 (Wyo.1990).

*Van Duser* is reaffirmed in *Wilson v. State,* 896 P.2d 1327 (Wyo.1995). Milladge's contention also conflicts with the spirit of our decision in *Duffy v. State,* 730 P.2d 754 (Wyo. 1986).

 We are satisfied credit must be afforded by the State for any time Milladge was incarcerated in Laramie prior to sentencing, if he was unable to post bond due to his indigency. That credit should be awarded against the minimum and maximum term of two years and five years. If for some reason Milladge should succeed in having the Laramie conviction vacated so that only the Cheyenne sentence would be served, he would be entitled to credit against the minimum and maximum terms of the Cheyenne sentence for ninety-eight days spent in presentence confinement in Cheyenne.[3] He is not entitled to credit against either sentence for time spent in custody while awaiting revocation proceedings because that is not attributable to his inability to post bond due to indigence.

We hold the Order Denying Motion to Vacate or Correct Sentence must be reversed and the case remanded for the limited purpose of determining and awarding credit against the Laramie sentence for any time spent in presentence confinement on the Laramie charge.

---

**3.** We have no issue before us with respect to the propriety of the district court increasing Milladge's maximum term on the Cheyenne sentence when it was modified to run concurrently with the Laramie sentence.