David A. **MILLADGE**, Appellant (Defendant),

v.

The **STATE** of **Wyoming**, Appellee (Plaintiff).

No. 97–45.

Supreme Court of Wyoming.

June 26, 1998.

See also, 900 P.2d 1156.

David A. Milladge, Pro se.

William U. Hill, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The only issue presented in this case is whether David A. Milladge (Milladge) is entitled to credit against his sentence for time spent in confinement while being returned to Wyoming for a hearing on the revocation of his probation. The State of Wyoming (State) correctly points out that a substantially identical issue was addressed in *Milladge v. State,* 900 P.2d 1156, 1161 (Wyo.1995) (*Milladge I* ), and credit for time spent in custody while awaiting probation revocation proceedings was denied. The Order on Motion to Vacate or Correct Sentence, entered in the district court, which denied Milladge's Motion to Vacate or Correct Sentence, is affirmed.

In the Brief of Appellant, filed by Milladge pro se, the issues that are raised are:

Issue I. Whether the District Court erred in denying the Appellant rights under the Fourteenth Amendment [of the] United States Constitution and 6th Amendment of the State of Wyoming Constitution.

Issue II. Whether it was an abuse of Judicial discretion to refuse to correct Appellant's motion to correct or vacate sentence.

This Statement of the Issue is found in the Brief of Appellee, filed by the State:

Whether the district court properly denied appellant's motion to vacate or correct sentence?

■ In his brief, Milladge references specifically time spent in incarceration in Fairfax County, Virginia; El Reno, Oklahoma; and Englewood, Colorado after he was taken into custody and was being returned to Wyoming

for the proceeding instituted to revoke his probation. His contention that he should receive credit against his sentence for the time in custody apparently parallels the allegations of his Motion to Vacate or Correct Sentence. In *Milladge I*, 900 P.2d at 1161, we said:

> He is not entitled to credit against either sentence for time spent in custody while awaiting revocation proceedings because that is not attributable to his inability to post bond due to indigence.

Milladge clearly asserted a right to credit for the time he was incarcerated after the initiation of the proceeding leading to the revocation of his probation in *Milladge I*. If the issue he asserts here is not barred by the doctrine of *res judicata*, his claim for credit for the time in Fairfax County, El Reno and Englewood is foreclosed by the doctrine of collateral estoppel. If in any way different from the issue in *Milladge I*, the claim made in this proceeding could have and should have been litigated in the earlier proceeding.

█ Even if Milladge's claim for additional credit against his sentence were not procedurally foreclosed, we would affirm the district court. The State correctly argues in its brief that presentence confinement credit is not available with respect to confinement that would continue without regard to the ability of the accused to post bond in connection with the offense for which the sentence is imposed. *E.g. Wilson v. State*, 896 P.2d 1327, 1328 (Wyo.1995); *Van Duser v. State*, 796 P.2d 1322, 1325 (Wyo.1990); *Renfro v. State*, 785 P.2d 491 (Wyo.1990).

Both because it is barred by *res judicata* or collateral estoppel and the confinement for which credit was claimed was not attributable to Milladge's inability to post bond for the offense on which he was sentenced, Milladge's claim for credit is totally unworthy of consideration. The Order on Motion to Vacate or Correct Sentence is affirmed.