**Michael MEEK, Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. 96–319.

Supreme Court of Wyoming.

April 1, 1998.

Michael Meek, Pro Se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, for appellee (plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

At his sentencing, appellant, Michael Meek (Meek), received sixty-three days credit for presentence incarceration on the charge of possession of a controlled substance and eighty-seven days credit for presentence incarceration on the charge of escape. Meek appeals the denial of his motions for correction of sentence, claiming he was not given full credit for presentence incarceration on either charge. We affirm the district court's calculation of credit on the charge of possession of a controlled substance and remand for recalculation of the credit applied to Meek's sentence for escape.

## I. ISSUES

The issue presented is whether the district court properly gave Meek full credit for presentence incarceration.

## II. FACTS

Meek violated the conditions of his probation for possession of marijuana by failing to return to the community corrections facility in Casper, Wyoming, on December 16, 1995. He was arrested on December 19, 1995 and charged with possession of a controlled substance, i.e., methamphetamine, and escape from official confinement. On February 20, 1996, Meek's probation on the marijuana charge was revoked and he was transferred to the Wyoming State Penitentiary to begin serving the sentence on the possession of marijuana charge.

On June 20, 1996, Meek returned to the district court for sentencing on the pending methamphetamine and escape charges. Meek received concurrent sentences of not less than three years nor more than four years on each charge. However, he received sixty-three days of credit for presentence incarceration on the methamphetamine charge, but eighty-seven days on the escape charge.

Meek filed motions for correction of sentences, claiming both sentences should include credit for 184 days of time served between his arrest date of December 19, 1995 and his sentencing date of June 20, 1996. The district court denied the motions without explaining the discrepancy in credit for presentence incarceration. Meek brings this pro se appeal from that denial.

## III. DISCUSSION

 A defendant must be afforded credit for time spent in presentence confinement, which is defined as incarceration for failure to post bond on the offense for which he is awaiting trial. Presentence incarceration does not include confinement that would continue to exist without regard for bond posting capabilities. *Smith v. State*, 932 P.2d 1281, 1282 (Wyo.1997); *Wayt v. State*, 912 P.2d 1106, 1110 (Wyo.1996).

Meek claims he should have been given credit of 184 days, the time between his arrest on December 19, 1995 and the date of his sentencing, June 20, 1996. The State argues that Meek is not entitled to credit for time served after February 20, 1996, the date his probation on the marijuana charge was revoked.

After revocation of his probation, Meek was no longer incarcerated because he could not post bond on the methamphetamine and escape charges. He was confined because of his prior conviction for possession of marijuana. Mathematical gymnastics cannot alter the fact that the only presentence credit to which Meek is entitled is for his incarceration between December 19, 1995 and February 20, 1996—a total of sixty-three days.

The district court erred in its calculation of presentence credit on the escape charge. That credit must be reduced from eighty-seven days to sixty-three days.

## IV. CONCLUSION

Meek's sentence on the charge of possession of a controlled substance is affirmed and his sentence on the charge of escape from official confinement is remanded for adjustment of the credit for presentence incarceration in accordance with this opinion.

THOMAS, Justice, concurring and dissenting, with whom GOLDEN, Justice, joins.

I am in complete accord with affirming the district court in its denial of Meek's motion to correct his sentences. There was no error in that ruling by the district court.

I cannot agree with a remand, at the suggestion of the State, to require the district court to reduce the credit for presentence confinement on the escape charge. The State took no appeal from the ruling of the district court, and that alone should prevent the State from seeking affirmative relief in this Court. Furthermore, as I understand the record, the State did not seek that relief in the district court, and it would appear the issue is presented for the first time in this appeal. That also prevents affirmative relief to the State.

While I am not philosophically opposed to taking away credit for presentence confinement to which Meek is not entitled, I believe that our rules of appellate jurisprudence prevent us from taking this course. We should not afford affirmative relief to an Appellee who did not seek that relief in the district court and who has not appealed from the judgment or final order.