Donald L. SEGNITZ, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

Donald L. Segnitz, Appellant (Defendant),

v.

The State of Wyoming, Appellee (Plaintiff).

Nos. 99–223, 99–254.

Supreme Court of Wyoming.

June 2, 2000.

Representing Appellant: Donald L. Segnitz, Pro Se.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

MACY, Justice.

Appellant Donald L. Segnitz appeals from the denials of two motions he filed in two separate courts to correct his illegal sentences. The cases were consolidated for purposes of appeal.

We affirm in part and reverse in part.

## ISSUES

In Case No. 99–223, Segnitz presents the following issues for our review:

1. Did the District Court [err] by denying Appellant's Motion to Correct an Illegal Sentence, which was filed because while orally sentenced to concurrent sentences, the Written Judgement and Sentence, and Mitimus failed to stipulate that 'sentence was concurrent[?]

2. Did the District Court [err] by denying Appellant's Motion to Correct ... an ILLEGAL Sentence, which was filed because the Court did not award credit for time served in it[ ]s Judgement and Sentence, nor Mitimus[?] Nor had it been

addressed orally by the Court at sentencing.

In Case No. 99–254, Segnitz presents the following issues for our review:

A. Did the District Court sentence the Appellant to an illegal term by not abiding by W.R.Cr.P. 32(c)2(C), (E), and (F)?

B. Did the District Court by denying the Motion to Correct an Illegal Sentence and then changing the original sentence abuse it[ ]s d[i]scretion?

C. If the change in sentence was proper then should the Appellant [be] afforded due process by the District Court?

## FACTS

In November of 1997, Segnitz was sentenced in Sweetwater County to serve a term in the Wyoming State Penitentiary of not less than one year nor more than three years, with credit for the time he served in presentence confinement, for the offense of felony larceny. He was released on parole to Community Alternatives of Casper on June 25, 1998. On July 30, 1998, Segnitz departed from Community Alternatives of Casper without authorization, stealing a car to facilitate his exit. He drove to Wheatland where he abandoned this car and stole another, which he drove to Indiana.

Both the Platte County and Natrona County authorities issued arrest warrants for the crimes committed in their respective counties. The Board of Parole issued an order of arrest because Segnitz had violated the terms of his parole for the Sweetwater County felony larceny conviction. Segnitz was arrested in Indiana on August 1, 1998, and later charged with felony larceny in both Platte County and Natrona County. He pleaded guilty to the charges. Segnitz was sentenced on September 10, 1998, in Platte County to a term of not less than two years nor more than four years in the Wyoming State Penitentiary. The order was silent with regard to whether the sentence was to be served concurrently with or consecutively to any other sentences. On March 5, 1999, Segnitz was orally sentenced in Natrona County to the stipulated prison term of three to four years. The stipulation provided for the sentence to be served concurrently with the sentences imposed in Sweetwater County and Platte County. The written Judgment and Sentence failed to mention that the sentence was to be served concurrently with the other sentences, but, three months later, the district court entered an order nunc pro tunc to that effect.

Segnitz arrived at the Wyoming State Penitentiary on or shortly after March 5, 1999, the date he was sentenced in Natrona County. On April 12, 1999, the Board of Parole revoked his parole for the Sweetwater County offense, crediting him "with all of the time during which he was released."

Segnitz filed motions in the district courts of Platte County and Natrona County to correct illegal sentences. In his Platte County motion, Segnitz asserted that the Judgment and Sentence failed to specify how the sentence was to be served with regard to his other sentences. He also complained that the Judgment and Sentence failed to state the number of days awarded as presentence incarceration credit. In response, the district court issued an order wherein it announced that it intended for the sentence to be served consecutively to the others and that Segnitz was not entitled to presentence incarceration credit. In his Natrona County motion, Segnitz claimed that the Judgment and Sentence failed to reflect the district court's oral pronouncement that made the sentence run concurrently with the others and failed to award any presentence incarceration credit. Although the district court initially denied Segnitz's motion, it later entered the order nunc pro tunc referenced above which ordered the sentence for the Natrona County crime to be served concurrently with the other sentences.

Segnitz appeals to the Wyoming Supreme Court.

## DISCUSSION

### A. Presentence Incarceration Credit

Segnitz contends that both district courts erred when they refused to award credit for the time he spent confined before he was sentenced. The state counters that Segnitz was on parole and in the legal custo-

dy of the Board of Parole during the entire time he was confined on these two charges and that the Board of Parole awarded him credit against his Sweetwater County sentence for all the time he spent on parole when his parole was eventually revoked.

■ The decision to grant or deny a motion to correct an illegal sentence is usually left to the sound discretion of the district court. *Hamill v. State,* 948 P.2d 1356, 1358 (Wyo.1997). The district court's decision is given considerable deference unless a rational basis does not exist for it. *Id.* A criminal defendant is entitled to receive credit against his sentence for the time he was incarcerated prior to sentencing, provided that such confinement was because of his inability and failure to post bond on the offense for which he was awaiting disposition. *Smith v. State,* 988 P.2d 39, 40 (Wyo.1999). A sentence which does not include credit for presentence incarceration is illegal and constitutes an abuse of discretion. *Id.* A defendant is not, however, entitled to credit for the time he spent in custody when that confinement would have continued despite his ability to post bond. *Id.*

The Board of Parole revoked Segnitz's parole for the Sweetwater County conviction after he had been sentenced in the Platte County and Natrona County cases. Had the Board of Parole revoked Segnitz's parole before he was sentenced in the Platte County and Natrona County cases, there would be no argument about the fact that those district courts refused to award presentence incarceration credit. We, however, are not concerned with this order of events and agree with the state's observation that Segnitz should not be allowed to apply the credit to the new sentences "simply because his parole was fortuitously revoked" after, and not before, his convictions for the new crimes. When the Board of Parole awarded Segnitz full credit against his Sweetwater County sentence for the time he spent on parole, it cured any problems that existed as a result of the failures by the district courts in Platte County and Natrona County to do so.

## B. Concurrent Sentences

■ Segnitz contends that the district court erred when it ordered his Platte County sentence to run consecutively to the other sentences. The state concedes that Segnitz is correct in this assertion.

The original order was silent with regard to how the Platte County sentence was intended to run with the other sentences. Eleven months later, the district court clarified the Judgment and Sentence by ordering the sentence to run consecutively to the others. In the meantime, the district court of Natrona County ordered its sentence to run concurrently with the other sentences.

■ When the district court of Platte County entered its order, Segnitz had not yet been prosecuted in Natrona County nor had his parole been revoked. If a defendant is subject to prosecution in more than one court, the decision regarding how the sentences will run with respect to one another should be made by the last judge to impose a sentence. 24 C.J.S. *Criminal Law* § 1524 (1989). The underlying rationale for this theory is that a judge cannot require a sentence to be served consecutively to a sentence that has not yet been imposed. *Id.* We agree with the state that this is the best practice and conclude that the district court of Platte County abused its discretion when it ordered its sentence to run consecutively to the others. The district court of Natrona County was the last court to impose a sentence, and it ordered its sentence to run concurrently with the others. That portion of the order for the Platte County offense which directed the sentence to run consecutively to the others is illegal and is hereby stricken.

Affirmed in part and reversed in part.