2002 WY 68

**William E. YOUNG, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 01–192.

Supreme Court of Wyoming.

May 7, 2002.

William E. Young, Pro se, Riverton, Wyoming.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

HILL, Justice.

[¶ 1] William E. Young (Young) appeals a district court order denying a Motion to Correct an Illegal Sentence, which sought credit for time served against a penitentiary sentence. We conclude that Young was appropriately credited for the presentence incarceration for which he was eligible and affirm.

## ISSUE

[¶ 2] Young did not set out a succinct statement of the issue in his *pro se* brief. The State identified two issues:

I. Did the trial court abuse its discretion in refusing to grant appellant credit for 117 days he was held in confinement awaiting probation revocation, given that the confinement would have persisted regardless of appellant's financial ability to post bond?

II. Do appellant's many violations of the Wyoming Rules of Appellate Procedure warrant summary affirmation in accordance with W.R.A.P. 1.03?

## FACTS

[¶ 3] On August 5, 1999, Young pleaded guilty to third degree sexual assault, in violation of Wyo. Stat. Ann. § 6-2-304(a)(i) (LexisNexis 2001), and was released on his own recognizance pending completion of the presentence investigation report. Subsequently, Young was placed on five years probation in accordance with the plea agreement.

[¶ 4] On December 16, 1999, the State filed a petition to revoke Young's probation due to repeated violations of the probation terms. Young was taken into custody on December 24, 1999. At the probation revocation hearing, the State and defense counsel requested a deferral of the proceedings pending a possible placement of Young with Community Alternatives of Cheyenne (CAC) and the Intensive Supervision Probation program (ISP). Young was denied placement in CAC, but was accepted by ISP, which also recommended an inpatient alcohol abuse treatment program. A hearing was held on the State's revocation petition on March 10, 2000. The district court revoked Young's first offender probation and agreed to an assignment in the ISP program with the provision that Young first complete an inpatient alcohol treatment program. The court also required Young to remain in custody until a slot in the treatment program opened because of concerns over his alcohol abuse and history of suicide ideations. After one postponement, a sentencing hearing was held on April 19, 2000. The district court resentenced Young on the underlying sexual assault charge to two to three years in the penitentiary but suspended imposition of the sentence in favor of the inpatient alcohol abuse treatment and placement in the ISP program. Young was then released into the

custody of the ISP program and taken to the alcohol treatment center.

[¶ 5] After completing his inpatient treatment, Young entered the ISP program but failed to comply with the terms of participation. At a hearing on January 26, 2001, the district court revoked Young's probation upon admission of the violation and imposed the underlying two- to three-year sentence. After a defense motion, the district court granted Young 22 days credit for time served from January 9, 2001, to January 31, 2001.

[¶ 6] On May 23, 2001, Young filed a *pro se* motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a). Young claimed that he was entitled to 120 days credit for time served from December 25, 1999, until April 19, 2000. The timeframe encompassed the period from his arrest for violating the terms of his first offender status probation until the day he was released into ISP custody for transport to the inpatient treatment program. The district court denied the motion, and Young has now brought his claim to this Court.

## STANDARD OF REVIEW

[¶ 7] "The decision to grant or deny a motion to correct an illegal sentence is usually left to the sound discretion of the district court." *Segnitz v. State*, 7 P.3d 49, 52 (Wyo.2000); *see also White v. State*, 934 P.2d 745, 746 (Wyo.1997).

> The district court's decision is given considerable deference unless a rational basis does not exist for it. A criminal defendant is entitled to receive credit against his sentence for the time he was incarcerated prior to sentencing, provided that such confinement was because of his inability and failure to post bond on the offense for which he was awaiting disposition. A sentence which does not include credit for presentence incarceration is illegal and constitutes an abuse of discretion. A defendant is not, however, entitled to credit for the time he spent in custody when that confinement would have continued despite his ability to post bond.

*Segnitz*, 7 P.3d at 52 (internal citations omitted).

## DISCUSSION

[¶ 8] In its brief, the State urges us to summarily affirm the district court's decision for Young's failure to comply with the Rules of Appellate Procedure. The State notes that Young's *pro se* brief does not contain a statement of the issues, a statement of the case or facts, cite to the appellate record or pertinent authority, identify the district court action from which the appeal is taken, or present cogent argument.

[¶ 9] A *pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys. However, there must be a reasonable adherence to the procedural rules and requirements of the court. *Hodgins v. State*, 1 P.3d 1259, 1262 (Wyo.2000). This Court will impose sanctions including, but not limited to, summary affirmance, pursuant to W.R.A.P. 1.03 on *pro se* litigants who fail to comply with these rules. *Id.* at 1262–63. In this case, we decline the State's offer to summarily affirm Young's appeal. While Young's brief is clearly deficient in its compliance with the Rules of Appellate Procedure, it is sufficient for us to discern the nature of the issue raised by Young and the legal parameters of its resolution. Therefore, we will address the merits of Young's claim.

[¶ 10] Young contends that the district court should have given him credit for the 117 days he was confined from his arrest on a probation violation on December 24, 1999, until he was resentenced on the revocation of that probation and released into the ISP program on April 19, 2000. A defendant is entitled to credit against his sentence for confinement due to an inability and failure to post bond on the offense for which he is awaiting disposition. *Smith v. State*, 988 P.2d 39, 40 (Wyo.1999).

> A defendant is not, however, entitled to credit for the time that he spent in custody when his confinement would have continued despite his ability to post bond. [*Renfro v. State*, 785 P.2d 491, 498 (Wyo.1990)] In accordance with this principle, a defendant is not entitled to credit against his

sentence for the time he spent in custody while awaiting probation revocation proceedings because that confinement was not attributable to his financial inability to post bond. *Milladge v. State*, 900 P.2d 1156, 1160–61 (Wyo.1995).

*Smith*, 988 P.2d at 40. The record discloses that Young's confinement is solely attributable to his probation violation and the ensuing revocation proceedings. Accordingly, the district court did not abuse its discretion in denying the motion to correct an illegal sentence.

### CONCLUSION

[¶ 11] Confinements arising out of probation revocation proceedings are not attributable to a defendant's financial inability to post bond. Accordingly, the district court did not abuse its discretion when it denied Young's motion to correct an illegal sentence in which credit was sought for time served arising out of his probation revocation proceedings. Affirmed.