2002 WY 107

**John JENKINS, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 01–182.**

Supreme Court of Wyoming.

July 12, 2002.

Representing Appellant: John Jude Jenkins, Pro se, Rawlins, Wyoming.

Representing Appellee: Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, John Jude Jenkins (Jenkins), appeals from an order of the district court that denied his motion to correct an illegal sentence. W.R.Cr.P. 35(a). Jenkins appears *pro se,* and *in forma pauperis,* in this Court. Jenkins contends that the district court erred in refusing to give him credit on his sentence(s) for time served in jail while awaiting sentencing.

[¶ 2] We will direct the district court to modify the sentence so as to conform to its oral pronouncement at the sentencing hearing, but otherwise affirm.

## ISSUE

[¶ 3] Jenkins contends that he should be credited with 169 days of time served in jail

while awaiting sentencing. The State contends that the district court properly denied Jenkins's motion to correct his sentence.

## FACTS

[¶ 4] Jenkins was serving time on a two—to four-year sentence, at the Community Alternatives of Casper (CAC), for a felony conviction which resulted in a prison sentence.[1] While at CAC, Jenkins was employed at the Radisson Inn in Casper. On March 28, 2000, after being at CAC for over one year, Jenkins left CAC to go to work, but did not return as required. As a result, Jenkins was charged with escape,[2] was arrested in Fremont County,[3] and was returned to Natrona County. Jenkins entered a plea of guilty to that charge on October 17, 2000. The plea was entered pursuant to a plea agreement wherein, in exchange for the plea of guilty, the State would ask for no more than a 24—to 36–month term of imprisonment. Of particular interest to the district court at sentencing was whether a 24—to 36–month sentence would provide any additional punishment, because the court was concerned with "the number of escapes from

---

* Chief Justice at time of expedited conference.

1. Jenkins was originally placed at the Wyoming State Penitentiary and was transferred from the Wyoming Honor Conservation Camp to CAC to serve out the remainder of his sentence.

2. § 7–18–112. Escape.
 (a) An offender, parolee or an inmate is deemed guilty of escape from official detention and shall be punished as provided by W.S. 6–5–206(a)(i) if, without proper authorization, he:
 (i) Fails to remain within the extended limits of his confinement or to return within the time prescribed to a community correctional facility to which he was assigned or transferred; or
 (ii) Being a participant in a program established under the provisions of this act he leaves his place of employment or fails or neglects to return to the community correctional facility within the time prescribed or when specifically ordered to do so.
 Wyo. Stat. Ann. § 7–18–112 (LexisNexis 2001)
 § 6–5–206. Escape from official detention; penalties.
 (a) A person commits a crime if he escapes from official detention. Escape is:
 (i) A felony punishable by imprisonment for not more than ten (10) years, if the detention is the result of a conviction for a felony;

 (ii) A felony punishable by imprisonment for not more than three (3) years, a fine of not more than three thousand dollars ($3,000.00), or both, if the detention is the result of:
 (A) A conviction for a misdemeanor; or
 (B) An arrest or charge for a crime.
 Wyo. Stat. Ann. § 6–5–206 (LexisNexis 2001).
 § 6–5–201. Definitions.
 (a) As used in this article:
 . . . .
 (ii) "Official detention" means arrest, detention in a facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or detention in any manner and in any place for law enforcement purposes. "Official detention" does not include supervision on probation or parole or constraint incidental to release on bail;
 Wyo. Stat. Ann. § 6–5–101 (LexisNexis 2001).

3. Jenkins testified that he left CAC because of a family emergency, which impelled him to leave Casper and return to his home in Fremont County, without asking for permission to do so. Inmates in programs such as CAC are sometimes permitted to return home in the case of genuine family emergencies.

CAC." Although the record does not definitively establish how much time remained on Jenkins's original sentence, and neither a copy of the original sentence nor a summary of the amount of time he had served on that sentence are in the record, all participants in the sentencing process were satisfied that there was a "substantial" amount of time left on the original sentence. In addition, the district court was informed that because of the escape, Jenkins would lose his "good time." [4]

[¶ 5] After receiving this information, the district court imposed this sentence:

THE COURT: Right. That gives me a little better understanding, I think.

It seems to me, first of all, the sentence is a little bit awkward, but that I can see that there would be an additional period of time served on this escape charge if it is imposed at 24 to 36 months and if, even if it is concurrent with the other offense out of, I believe, Fremont County. So I'll go ahead and adopt that recommendation.

It will be the judgment and sentence of the Court that John Jude Jenkins, Sr., for his conviction of escape in this case be remanded to the custody of the sheriff of Natrona County and by him delivered to the custody of the Wyoming Department of Corrections to serve a term of not less than 24 nor more than 36 months, either at the Wyoming State Penitentiary or such other facility as designated by the Department of Corrections.

I will not grant any credit for time served since the defendant is receiving credit on his underlying accessory to aggravated burglary conviction.[5] I will order that this sentence be served concurrent with that conviction out of Fremont County. I'm going to make an intensive treatment unit recommendation and, Mr. Jenkins, you may be familiar with that program. I have a brochure here I'll give to Ms. Johnson so that you can take a look at that. I hope that you take advantage of that recommendation. It's an excellent program.

[¶ 6] The written judgment and sentence does not indicate that Jenkins was to receive credit on his original sentence for the time served in presentence confinement on the escape charge. The genesis of Jenkins's motion in the district court, as well as this appeal, appears to be the result of the silence of the judgment and sentence with respect to what sort of credit Jenkins was to get for his time served in presentence incarceration, coupled with the judgment and sentence's explicit provision that he was to receive no credit for that confinement.

## STANDARD OF REVIEW

 [¶ 7] The following summarizes the basic principles which govern issues relating to credit for time served awaiting imposition of sentence: A sentence which does not include proper credit for presentence incarceration is illegal; a criminal defendant is entitled to credit against his sentence for the time he was incarcerated prior to sentencing, provided that the confinement was due to his inability to post bond on the offense for which he was awaiting disposition; the purpose of this rule is to provide equal

---

4. **§ 7–13–420. Good time allowances.**

(a) The governor, after consultation with the board and the department, shall adopt rules and regulations to establish a system of good time and special good time allowances for inmates of any state penal institution, any institution which houses Wyoming inmates pursuant to W.S. 7–3–401 or any correctional facility operated pursuant to a contract with the state under W.S. 7–22–102 or inmates transferred to a community correctional facility pursuant to W.S. 7–18–109. The rules may provide either for good time to be deducted from the maximum sentence or for good time to be deducted from the minimum sentence imposed by the sentencing court, or both.

(b) The rules and regulations adopted by the governor as provided by this section shall be filed in the office of the secretary of state but shall at all times be considered rules relating to the internal management of state penal institutions and not affecting private rights of inmates. The granting, refusal to grant, withholding or restoration of good time or special good time allowances to inmates shall be a matter of grace and not that of right of inmates.
Wyo. Stat. § 7–13–420 (LexisNexis 2001).

5. Actually, the previous conviction was for accessory before the fact to aggravated assault and battery and the details of that crime are not pertinent to the appeal, nor are they easy to explain.

protection to defendants who are unable to post bond because of their indigence; a defendant is not, however, entitled to credit for the time that he spent in custody when his confinement would have continued despite his ability to post bond. *Smith v. State,* 988 P.2d 39, 40 (Wyo.1999); and *see Jennings v. State,* 4 P.3d 915, 923 (Wyo.2000). In this case, none of these principles is dispositive because the district court intended that Jenkins would, in any event, receive credit for his time in jail, and that the credit would go to his original sentence and not the escape sentence.

### DISCUSSION

[¶ 8] In his brief, Jenkins demands that he be given credit for the time served off his sentence for escape. As noted above, the district court did give Jenkins credit on his original sentence for his time served while awaiting sentencing on the escape charge. The district court has no obligation also to give him credit for that time off the escape sentence. While Jenkins does not directly argue that he has not been given credit for time served as set out in the oral imposition of sentence, we opt to be proactive in ensuring that the orally pronounced sentence has been effectuated. Jenkins is entitled to a credit, against his original sentence, for all time he was incarcerated prior to sentencing on the escape charge. He claims that is a period of 169 days and, based on the record extant, that appears to be correct.

### CONCLUSION

[¶ 9] For this reason, this matter will be remanded to the district court with directions that the written judgment and sentence be modified to clearly reflect that portion of the oral sentence. A copy of the amended judgment and sentence shall be made available to the Department of Corrections to ensure that proper credit has been given. The judgment and sentence of the district court are otherwise affirmed.