2004 WY 15

**Aaron A. GOMEZ, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–229.**

Supreme Court of Wyoming.

Feb. 27, 2004.

Representing Appellant: Kenneth Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Senior Assistant Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, PAP; Corey M. Beato, Student Intern; and Neil Skousen, Student Intern.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶1]  While on probation, Aaron Gomez was arrested and incarcerated on several unrelated charges. The state then filed a petition to revoke his probation for violating the terms of his probation. He was convicted and sentenced on one of the charges. Mr. Gomez sought credit against his sentences for time spent in custody prior to sentencing, and sought to have the probation revocation proceedings dismissed due to delay of the proceedings. The district court denied Mr. Gomez credit for time served prior to his conviction finding he was incarcerated because of his probation violation. We reverse the district court and remand with instructions to credit Mr. Gomez's battery sentence with the time he served from his arrest on that charge.

## ISSUES

[¶2]  Appellant presents the following issues:

1. Whether the trial court's denial of appellant's *pro se* "Motion to Correct Illegal Sentence: Defendant Denied Pretrial Detention Time Credit" was error and violated appellant's right to equal protection and due process of law? Additionally, whether because of the length of time for which Appellant was held with no credit being given, Appellant's right to be free from double jeopardy was also violated?

2. Whether the probation revocation action against appellant should be dismissed because of the unconscionable delay in disposition?

[¶3]  Appellee states the issues as follows:

1. Did the district court err in denying appellant's motion to correct illegal sentence, which sought credit against appellant's sentences for presentence incarceration?

2. Should the proceeding to revoke appellant's probation be dismissed because of delay in conducting the revocation hearing?

## FACTS

[¶ 4]   On September 8, 1999, Mr. Gomez was charged with domestic violence in violation of Wyo. Stat. § 6–2–501(b) and (f)(ii) (Lexis 1999).   He pleaded guilty to that charge and was sentenced to eighteen to twenty-four months, to be served consecutively to a previous prison sentence stemming from the same incident.   After completing the first sentence, his sentence on the September 8, 1999, domestic violence charge was suspended and Mr. Gomez was placed on two years probation to begin on March 19, 2001.

[¶ 5]   On June 8, 2001, less than three months after beginning his probation, Mr. Gomez was charged with kidnapping, in violation of Wyo. Stat. § 6–2–201(a) and (d) (LexisNexis 2001); stalking, in violation of Wyo.  Stat.  § 6–2–506(e)(iii)  (LexisNexis 2001);  and battery on another household member in violation of § 6–2–501(b) and (f)(ii).   A warrant was issued for Mr. Gomez's arrest on June 8, 2001, and, while not established by the record, the parties agree that Mr. Gomez was taken into custody in California on June 24, 2001, pursuant to that warrant.

[¶ 6]   In relation to the June 8, 2001 charges, Mr. Gomez filed an Affidavit of Indigency on July 24, 2001, and his bond was set at $50,000 cash.   At his preliminary hearing, the stalking and battery charges were dismissed, but Mr. Gomez was bound over to district court on the kidnapping charge.   The bond was continued.

[¶ 7]   The state filed a petition to revoke Mr. Gomez's probation on July 18, 2001.   As grounds for revocation, the petition alleged he failed to report to his probation officer and he left the state of Wyoming without permission.   Conveniently for the state, Mr. Gomez was already in custody on the other charges, and had been since June 24, 2001.

[¶ 8]   On August 2, 2001, Mr. Gomez was again charged with one count of stalking in violation of § 6–2–506(e)(iii) and one count of felony battery in violation of § 6–2–501(b) and (f)(ii) stemming from the same incident involving the same victim.   Mr. Gomez again filed an Affidavit of Indigency and counsel was appointed.   The August 2, 2001, stalking charge was dismissed, and the June 8, 2001, kidnapping charge and August 2, 2001, felony battery charges were consolidated for trial. Mr. Gomez pleaded not guilty to both charges and the court set bond at $50,000 cash for all cases.

[¶ 9]   On December 11, 2001, a jury found Mr. Gomez not guilty of kidnapping, but guilty of felony battery.   On March 4, 2002, a sentencing hearing was held on Mr. Gomez's conviction for felony battery.   At that hearing, the district court discovered Mr. Gomez's petition for revocation of probation was still pending.   The court added Mr. Gomez's most recent conviction as additional cause to revoke his probation and accepted Mr. Gomez's admissions to the probation violations. Sentencing was reset for March 8, 2002.

[¶ 10]   On March 8, 2002, the district court revoked Mr. Gomez's probation and reinstated his original sentence of 18 to 24 months.   On the felony battery charge, the district court sentenced Mr. Gomez to a term of 21 to 24 months to be served consecutively to the reinstated 18 to 24 month sentence. The district court credited Mr. Gomez's new felony battery conviction for time served from the date of conviction to the date of sentencing.   However, it denied Mr. Gomez credit for any other time he spent in county jail, including the time from his arrest on the battery charges to his conviction on those charges.

[¶ 11]   Mr. Gomez filed a pro se motion on April 25, 2002, entitled "Motion to Dismiss Probation and Probation Violation."   He argued he had not received a timely revocation hearing, and, therefore, the petition to revoke his probation should be dismissed.   The district court denied the motion, finding there had been good cause to delay the proceedings.   The court said: "Proceedings on the revocation were postponed because Defendant had several charges pending. Therefore, [the court had] good cause to extend the time limits in W.R.Cr.P. 39(a)(4)(B)."

[¶ 12]   Less than two weeks after he filed the motion to dismiss his probation, Mr. Gomez filed a motion to correct an illegal sentence.   In that motion, Mr. Gomez argued

that he was entitled to credit because he was incarcerated due to his inability to post bond and was denied a timely revocation hearing. He requested the trial court give him credit for time served and/or dismiss the probation revocation petition. The trial court denied Mr. Gomez's motion. Mr. Gomez appealed the district court's denial of his motion to correct the sentence, but did not appeal the denial of his motion to dismiss the probation revocation petition.

## STANDARD OF REVIEW

[¶ 13] The decision to grant or deny a motion to correct an illegal sentence is usually left to the sound discretion of the district court. *Young v. State,* 2002 WY 68, ¶ 7, 46 P.3d 295, ¶ 7 (Wyo.2002); *see also Segnitz v. State,* 7 P.3d 49, 52 (Wyo.2000).

The district court's decision is given considerable deference unless a rational basis does not exist for it. A criminal defendant is entitled to receive credit against his sentence for the time he was incarcerated prior to sentencing, provided that such confinement was because of his inability and failure to post bond on the offense for which he was awaiting disposition. A sentence, which does not include credit for presentence incarceration, is illegal and constitutes an abuse of discretion. A defendant is not, however, entitled to credit for the time he spent in custody when that confinement would have continued despite his ability to post bond.

*Young,* ¶ 7 Because of equal protection and double jeopardy concerns, we have held it is error for a trial court to refuse to credit a sentence for pre-sentence incarceration if the reason for the detention is the defendant's inability to post bond. *Halbleib v. State,* 7 P.3d 45 (Wyo.2000).

## DISCUSSION

[¶ 14] Mr. Gomez argues the district court's denial of his pro se motion to correct an illegal sentence was error and violated his right to equal protection, due process of law and double jeopardy. The state maintains that the district court did not err in denying Mr. Gomez's motion to correct an illegal sentence because he remained incarcerated not because of his inability to post bond, but because he was held on other charges for which he was acquitted.

[¶ 15] Despite both parties addressing the issue of whether the petition to revoke probation should have been dismissed because the hearing was not timely held as required by W.R.Cr.P. 39 (LexisNexis 2003), Mr. Gomez did not appeal the order denying the motion to dismiss probation and probation violation. Rule 2.01 of the Wyoming Rules of Appellate Procedure provides that "an appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order." The timely filing of a notice of appeal is jurisdictional. *Cosco v. Uphoff,* 2003 WY 30, ¶ 4, 66 P.3d 702, ¶ 4 (Wyo.2003). Consequently, Mr. Gomez is barred from challenging the district court's denial of his motion to dismiss the probation revocation proceeding. We will discuss the facts surrounding the probation revocation only to the extent they are relevant to the issue of credit for time served.

[¶ 16] We must decide if Mr. Gomez was incarcerated because of criminal charges for which he was convicted, in which case he is entitled to credit for time served on those charges, or if he was incarcerated because of his probation revocation or because of charges of which he was acquitted, in which case he does not get credit for time served. The district court denied Mr. Gomez's request for credit on his battery sentence for time served prior to the conviction relying on *Halbleib v. State,* 7 P.3d 45 (Wyo.2000). The district court reasoned Mr. Gomez was being held on the petition to revoke his probation, not because of his inability to post bond, and he was not entitled to credit for time served while on administrative hold for probation revocation. However, we discern a logical inconsistency in the district court's reasoning. When ruling on the propriety of the probation revocation proceedings, the district court concluded the delay was due to the disposition of his other charges, yet when considering credit for time served, it ignored those other charges and concluded he was

incarcerated because of pending revocation proceedings.

[¶ 17] This inconsistent reasoning cannot deprive Mr. Gomez of credit for the time he served prior to his conviction on the battery charge. He was originally arrested and incarcerated on battery and kidnapping charges, not for violation of his probation. While we can speculate what might have occurred on the probation revocation had it been timely considered, no question exists that Mr. Gomez would have remained incarcerated on the other charges unless he could post the required bond. W.R.Cr.P 39(a)(4)(B) requires that a probation revocation hearing be held within 15 days after the probationer's first court appearance if he is in custody due to the revocation proceedings, or otherwise within 30 days. The district court should not deny credit against a separate sentence for nearly eight months of confinement during which Mr. Gomez was not provided a revocation hearing. In other words, if Mr. Gomez would have been entitled to credit against his battery sentence for presentence confinement but for the fact that he was also being held for a probation revocation proceeding, he should not be penalized for the delay in providing that hearing.

[¶ 18] A sentence that does not include proper credit for presentence incarceration is illegal. *Smith v. State,* 988 P.2d 39, 40 (Wyo.1999). A criminal defendant is entitled to credit against his sentence for the time he was incarcerated prior to sentencing, provided that the confinement was due to his inability and failure to post bond on the offense for which he was awaiting disposition. *Id.* The purpose of this rule is to provide equal protection to defendants who are unable to post bond because of their indigence. A defendant is not, however, entitled to credit for the time he spent in custody when his confinement would have continued despite his ability to post bond. *Meek,* 956 P.2d at 358; *Renfro,* 785 P.2d at 498.

[¶ 19] The district court set bond at $50,000 for "all cases." It is unclear whether or not "all" cases included Mr. Gomez's probation revocation proceeding. Had Mr. Gomez been able to post bond, he would have been released or the district court would have likely held a more timely probation revocation hearing. However, because he was indigent, he was unable to post the cash bond. Consequently, even if Mr. Gomez's hearing on his probation revocation had not been delayed, he would have remained in jail on the other pending charges and, thus, he is entitled to credit on his battery conviction for the time he spent incarcerated.

[¶ 20] The court properly denied credit to Mr. Gomez's 1999 sentence for domestic violence after his probation was revoked and his sentence was reinstated. In addition to raising problems of double crediting for time served on the battery charge, this Court continues to adhere to the holding that incarceration pending probation revocation proceedings is qualitatively different from presentence incarceration. *Halbleib,* 7 P.3d at 49. Therefore, Mr. Gomez is not entitled to credit on his reinstated probation sentence for time served while he was awaiting his revocation hearing because it was considered an administrative hold. He is also not entitled to credit for the time he served from June 24 to August 1, 2001, which was due solely to the stalking charges that were dismissed and the kidnapping charges for which he was acquitted. The state argues that because Mr. Gomez was acquitted of kidnapping, he should receive no credit for the entire time he was in jail pending the trial on kidnapping. If we accept that position as correct, we would have to ignore the fact that he was also incarcerated, and unable to post bond, on the felony battery charge for which he was ultimately convicted. This we cannot do. Irrespective of the kidnapping acquittal, Mr. Gomez served substantial time awaiting trial on the felony battery charge for which he was convicted, and is entitled to credit for that time on his battery sentence.

[¶ 21] We reverse and remand to the district court with instructions to include the time Mr. Gomez served from the date he was arrested on the battery charge, August 2, 2001, until his conviction, December 11, 2001, as credit for time served on his battery conviction.