2007 WY 6

**Edward C. MANES, Appellant (Defendant),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 05–301.**

Supreme Court of Wyoming.

Jan. 17, 2007.

Representing Appellant: Edward C. Manes, pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Mackenzie Williams, Student Intern.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶1]  Edward Manes appeals an order denying correction of his criminal sentence. He contends the district court did not correctly apply his presentence incarceration credit to concurrently running sentences imposed in two separate cases.  We affirm.

### ISSUE

[¶2]  Did the district court err in refusing to correct Mr. Manes' sentence?

### FACTS

[¶3]  On September 6, 2001, Mr. Manes was arrested for delivery of marijuana and methamphetamine ("drug case").  Five days later, Mr. Manes was released on bond.  On October 23, 2001, the Division of Criminal Investigation ("DCI") executed a search warrant on Mr. Manes' residence and found two explosive blasting caps.[1]  Mr. Manes was charged with solicitation of first-degree murder, a felony in violation of Wyo. Stat. Ann. § 6–1–302 and Wyo. Stat. Ann. § 6–2–101, and possession, manufacture, transportation and sale of explosives, a felony in violation of Wyo. Stat. Ann. § 6–3–111(b), ("explosives case").

[¶4]  On January 15, 2002, Mr. Manes pled guilty to two counts in the drug case. He was confined, pending sentencing, until March 19, 2002.  He received prison terms of six to ten years for the marijuana conviction and three to ten years for the methamphetamine conviction.  The district court granted sixty-nine days of presentence incarceration credit.  The credit included five days for the initial period of incarceration between September 6, 2001 and September 11, 2001, and sixty-four days for the period between his guilty plea, January 15, 2002, and his sentencing hearing, March 19, 2002.  On appeal, we affirmed those sentences.  *See Manes v.*

---

1.  The issuance of the search warrant stemmed from a DCI investigation into Mr. Manes' alleged effort to arrange the assassination of a third party witness and informant against Mr. Manes in the drug case.  Mr. Manes expressed such intentions to his cellmate after he was arrested in the drug case.  Subsequently, the cellmate became a confidential informant for DCI. DCI monitored additional conversations between the informant and Mr. Manes.  Based on these conversations, DCI sought and received a search warrant for Mr. Manes' residence.

*State,* 2004 WY 70, 92 P.3d 289 (Wyo.2004). Subsequently, the district court reduced the sentence for the methamphetamine conviction to a ten year term of probation to run consecutive with the six to ten year sentence for the marijuana conviction.

[¶ 5] A jury trial was held in July 2002, in the explosives case. The jury found Mr. Manes guilty of the explosives charge.[2] He was sentenced to two to four years. The sentence was ordered to be served consecutive to the sentences imposed in the drug case. Mr. Manes received presentence incarceration credit for 147 days for the period beginning with his arrest on October 24, 2001, and ending March 19, 2002, when he began serving his drug sentences.

[¶ 6] In March 2005, the district court granted Mr. Manes' request for a sentence reduction, and modified the judgment and sentence in the explosives case to make it concurrent, rather than consecutive, to the sentences being served in the drug case. Subsequently, Mr. Manes filed a motion in the explosives case, asserting that the concurrent status of his sentences entitles him to 216 days of presentence incarceration credit against both of the sentences. On September 19, 2005, the district court denied Mr. Manes' motion. This appeal followed.[3]

### DISCUSSION

[¶ 7] Mr. Manes claims that his sentence is illegal because, now that his sentences are concurrent, he has not received proper credit for presentence incarceration. Although Mr. Manes requests credit against both of his sentences, he has only appealed in the explosives case, limiting our review to the legality of that sentence. "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Martinez v. State,*

2002 WY 10, ¶ 9, 39 P.3d 394, 396 (Wyo.2002) (quoting *Duran v. State,* 949 P.2d 885, 887 (Wyo.1997)). Pursuant to W.R.Cr.P. 35(a), "[t]he court may correct an illegal sentence at any time." The determination of whether a sentence is illegal is a question of law, which we review *de novo. Spencer v. State,* 2005 WY 105, ¶ 11, 118 P.3d 978, 982 (Wyo. 2005); *Brown v. State,* 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo.2004).

[¶ 8] A defendant is entitled to credit for time spent in presentence confinement, against both the minimum and maximum sentence, if the defendant was unable to post bond for the offense of which he was convicted. *Young v. State,* 2002 WY 68, ¶ 7, 46 P.3d 295, 297 (Wyo.2002); *Segnitz v. State,* 7 P.3d 49, 52 (Wyo.2000); *Smith v. State,* 988 P.2d 39, 40 (Wyo.1999); *Milladge v. State,* 900 P.2d 1156, 1160 (Wyo.1995); *Renfro v. State,* 785 P.2d 491, 498 (Wyo. 1990). A sentence that does not include proper credit for presentence incarceration is illegal. *Gomez v. State,* 2004 WY 15, ¶ 18, 85 P.3d 417, 421 (Wyo.2004); *Smith,* 988 P.2d at 40.

[¶ 9] We find no error in the district court's denial of Mr. Manes' motion. Mr. Manes was awarded 147 days of credit against his sentence in the explosives case. He seeks credit for 216 days. The record reflects that Mr. Manes was only confined for a total of 152 days before he began serving his prison sentence in the drug case. With the exception of five days, from September 6 through September 11, 2001, Mr. Manes has been credited with his entire presentence confinement.[4] He is not due the additional five days because they are solely attributable to the drug case and occurred prior to his arrest on the explosives charge. As noted by the State, the 147 days of credit in the explosives case includes the 64 days between the time of the guilty plea and the imposition of

---

2. The jury returned a not guilty verdict on the solicitation of murder charge. An order of acquittal was entered on August 8, 2002. In *Manes v. State,* 2004 WY 33, 86 P.3d 1274 (Wyo.2004), we affirmed the conviction on the explosives charge.

3. Mr. Manes did not perfect a similar appeal in the drug case.

4. The 83 days of confinement from the arrest on October 24, 2001, until the entry of the guilty plea in the drug case on January 15, 2002, are attributable solely to the explosives case. During the remaining 64 days, from January 15, 2002 to March 19, 2002, Mr. Manes was in custody pending sentencing in the drug case and trial in the explosives case.

sentence in the drug case. Those 64 days were also credited against the sentence in the drug case. Mr. Manes is simply not entitled to any additional credit for presentence incarceration.

[¶ 10]   Affirmed.