2009 WY 49

**Mark Rocky HERNANDEZ,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. S–08–0229.**

Supreme Court of Wyoming.

April 8, 2009.

Representing Appellant: Mark R. Hernandez, Pro se.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny L. Craig, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] This is an appeal from the denial of a motion to correct an illegal sentence. The appellant seeks credit for pre-sentence confinement. Finding no error, we affirm.

## ISSUE

[¶ 2] Did the district court err as a matter of law in denying the appellant's Motion to Correct an Illegal Sentence?

## STANDARD OF REVIEW

[¶ 3] A sentence that does not include proper credit for presentence confinement is illegal. Whether a sentence is illegal is a question of law, which we review *de novo*.

*Beyer v. State*, 2008 WY 137, ¶ 7, 196 P.3d 777, 780 (2008) (internal citations omitted).

## FACTS

[¶ 4] On July 8, 2003, the appellant was sentenced to a term of four to ten years incarceration for the felony crime of conspiracy to deliver a controlled substance. As a result of that sentence, the appellant was an inmate at the Community Re–Entry Center

(CRC) in Casper, Wyoming. On September 4, 2007, he was charged with failing to return to CRC after a work assignment. On December 28, 2007, he pled guilty to escape from official detention. The plea was entered pursuant to the terms of an agreement whereby the appellant would receive a sentence of three to five years incarceration, to run concurrently with the drug conspiracy sentence. In explaining the plea agreement, the prosecutor told the district court the following:

> Mr. Hernandez would receive credit for time served from his arrest in this particular matter. I think he has substantial credit against the—the—oh [the drug conspiracy sentence]. He would not receive credit, but these would be run concurrent.

[¶ 5] At the sentencing hearing on February 27, 2008, the following colloquy occurred:

> THE COURT: Presuming you're in agreement, there will be no credit for time served, since he's been receiving credit for the other sentence up until this?

> [DEFENSE COUNSEL]: I think legally speaking that will be accurate, Your Honor. He was never paroled, so he's always been serving time under that sentence.

> And under the law, if credit is going to one sentence, he's not necessarily entitled to credit; that his sentence would start today.

The Judgment and Sentence reflected that no credit for pre-sentence confinement was to be received in this case.

[¶ 6] On September 11, 2008, the appellant filed a *pro se* Motion to Correct an Illegal Sentence, which motion cited only W.R.Cr.P. 35(a) and simply sought credit for 180 days of pre-sentence confinement (September 1, 2007 through February 27, 2008).[1] The district court reviewed the file, noted the plea agreement, and noted defense counsel's concurrence that any presentence confinement was to be credited against the underlying drug conspiracy sentence, and not this sentence. The appellant's motion was denied

without a hearing by order dated September 15, 2008. This appeal followed.

## DISCUSSION

[¶ 7] Our law is clear:

A criminal defendant is entitled to credit against his sentence for the time he was incarcerated prior to sentencing, provided that the confinement was due to his inability and failure to post bond on the offense for which he was awaiting disposition. The purpose of this rule is to provide equal protection to defendants who are unable to post bond because of their indigence. A defendant is not, however, entitled to credit for the time he spent in custody when his confinement would have continued despite his ability to post bond.

*Gomez v. State,* 2004 WY 15, ¶ 18, 85 P.3d 417, 421 (Wyo. 2004) (internal citations omitted); *see also Sweets v. State,* 2001 WY 126, ¶ 6, 36 P.3d 1130, 1131 (Wyo. 2001) (appellant not entitled to credit for pre-sentence confinement against second sentence when he was serving a sentence from an unrelated crime).

## CONCLUSION

[¶ 8] The district court did not err as a matter of law in denying the appellant's Motion to Correct an Illegal Sentence because the appellant was not entitled to credit against this sentence for pre-sentence confinement

[¶ 9] Affirmed.

---

1. W.R.Cr.P. 35(a) provides as follows:

    (a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.