# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 7

OCTOBER TERM, A.D. 2012

*January 17, 2013*

TREVOR C. LAKE,

**Appellant**
**(Defendant),**

v.                                                          S-12-0055

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Crook County*
*The Honorable Dan R. Price II, Judge*

*Representing Appellant:*
Diane Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Elisabeth M. W. Trefonas, Assistant Public Defender

*Representing Appellee:*
Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Paul S. Rehurek, Senior Assistant Attorney General

*Before KITE, C.J., and HILL, VOIGT, BURKE, JJ., and GOLDEN, J. (Retired)*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GOLDEN**, Justice (Retired).

[¶1]    Following a jury trial, Trevor C. Lake (Lake) was convicted of taking a controlled substance into a jail.  Lake appeals his conviction, claiming that the district court erred by seating an unqualified juror.  He also contends that the court erred in sentencing by not giving him full credit for time spent in presentence incarceration.  We affirm.

## ISSUES

[¶2]    Lake presents the following issues for our review:

>   I.     Whether it is error to empanel a juror, who is not a resident of the County where the proceedings are held, when this renders the juror unqualified in violation of the Wyoming and United States Constitutions.

>   II.    Whether an illegal Sentence must be corrected when credit for time served was improperly calculated and applied at Sentencing.

## FACTS

[¶3]    On October 15, 2010, Lake was arrested on three counts of aggravated assault and was jailed in the Crook County Detention Center.  Before his October 2010 arrest, Lake had undergone surgery for a work injury and, both before and after his arrest, he was taking Percocet, a pain medication prescribed by his physician.

[¶4]    On November 22, 2010, Lake was granted a furlough to travel to Casper for a medical appointment and to obtain refill prescriptions for Percocet and another drug.  When Lake returned to the Crook County Detention Center later that day, he turned his medications over to an officer who placed them in the facility's "med room."   On November 23, 2010, following a report from Lake's cell mate, Lake's cell was searched. Officers discovered eleven Percocet pills in a deodorant container that belonged to Lake and, on further investigation, they discovered that ten pills were missing from the bottle of Percocet Lake had turned in when he returned from his furlough the evening before.

[¶5]    On June 1, 2011, while Lake was still being held on the original assault charges, the State filed an Information charging Lake with taking a controlled substance into the Crook County Detention Center in violation of Wyo. Stat. Ann. § 6-5-208.  The district court issued an arrest warrant on June 1, 2011, and on that same date, the warrant was served on Lake in jail.

[¶6]    On June 14, 2011, pursuant to a plea deal that reduced the original charges against Lake from aggravated assault to misdemeanor reckless endangering, Lake entered a guilty plea to reckless endangering.  The district court sentenced him to serve a one-year jail sentence, with credit for 242 days of presentence incarceration.  The sentence for the reckless endangering conviction thus expired on October 15, 2011.

[¶7]    While Lake was serving his sentence on the reckless endangering conviction, the felony charge against him for taking a controlled substance into a jail proceeded through motions and to a jury trial, which began on October 3, 2011.  At the commencement of the jury trial, the district court addressed the entire jury panel and inquired into the jurors' qualifications under Wyo. Stat. Ann. § 1-11-101(a), which included questions about residency in the county.  Neither party objected to the jurors' general qualifications, and the court made a finding that the panel members were qualified.

[¶8]    The district court thereafter began empanelling a jury.  After administering an oath to the panel, the clerk drew the names of thirty-one panel members as candidates to fill the jury.  Following instructions from the court, each prospective juror stood and provided certain personal information such as residence, occupation, and prior jury experience.  When Juror 21 stood up, she stated her name and said, "I've been a resident of Crook County up until the last 30 days for 16 years.  I am currently a resident in Campbell County."

[¶9]    After the juror introductions, the attorneys conducted voir dire, and neither attorney questioned Juror 21 about her residency status.  After voir dire, counsel for the State and for Lake passed the jury for cause.  After the attorneys exercised their peremptory challenges, and before the jury was brought back into the courtroom, the following exchange occurred between the court and the attorneys:

> THE COURT:    All right.  Do we have anything further before we bring the jury in and seat them for purposes of the matter?
>
> [PROSECUTOR]:  Your Honor, I guess I do have one.  I don't know if it's a question or a concern, and that would be in regard to juror 21, . . . .  I believe she stated that she had just recently moved to Campbell County within 30 days.  I don't know if that has any affect [sic].
>
> THE COURT:    Well, now is not a time to raise it.  You passed for qualifications.  You didn't have any questions.  The statute says, citizen of the United States who has been a resident of the state and of the county 90 days before being selected and returned.

I think she was. I think she just recently changed. She's here and there were no questions or objections even after that information came up, so I think it's all right. She's here. We're proceeding.

Anything else from the defense?

[DEFENSE ATTORNEY]: Nothing, Your Honor, thank you.

[¶10] Following the presentation of evidence, the jury returned its guilty verdict on October 4, 2011. A sentencing hearing was held on December 21, 2011, and the district court imposed a sentence of twenty-four to thirty-six months, to be served consecutively to the sentence Lake had served on the reckless endangering conviction, which expired on October 15, 2011. The court granted a sentencing credit of sixty-nine days, representing the time between expiration of Lake's reckless endangering sentence and the sentencing hearing on December 21, 2011.

[¶11] The district court entered its sentence on December 21, 2011, and Lake timely filed his Notice of Appeal on January 6, 2012.


## STANDARD OF REVIEW

[¶12] Lake's challenge to juror qualifications presents issues of statutory interpretation and waiver, both of which are questions of law this Court reviews *de novo*. *Bloomer v. State*, 2009 WY 77, ¶ 8, 209 P.3d 574, 578 (Wyo. 2009) (statutory interpretation); *In re Wright*, 983 P.2d 1227, 1231 (Wyo. 1999), *overruled on other grounds by Torres v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2004 WY 92, ¶ 7, 95 P.3d 794, 796 (Wyo. 2004) (waiver).

[¶13] Lake's challenge to the legality of his sentence likewise presents a question of law that we review *de novo*.

The question of whether a sentence is illegal because it does not include proper credit for time served is a question of law that we review *de novo*. *Swain v. State*, 2009 WY 142, ¶ 8, 220 P.3d 504, 506 (Wyo. 2009).

*Hagerman v. State*, 2011 WY 151, ¶ 3, 264 P.3d 18, 19 (Wyo. 2011).

3

## DISCUSSION

### A.    Juror Qualifications

[¶14]  In Wyoming, a person is competent to act as a juror if that person meets the requirements set forth in Wyo. Stat. Ann. § 1-11-101.  The statutory requirement in dispute in this appeal is the requirement that the juror be "a resident of the state and of the county ninety (90) days before being selected and returned."  Wyo. Stat. Ann. § 1-11-101(a)(i) (LexisNexis 2011).  Lake contends that this language requires that a juror reside in a county for the ninety-day period preceding any jury service in that county.  The State, on the other hand, contends that "selected and returned" refers to the preparation of the base jury list, which is compiled and certified annually on April 1.  Thus, the State contends, the ninety-day residency requirement refers to the period preceding the April 1 certification of the base jury list.

[¶15]  Determining the meaning of the language "selected and returned" is a question of statutory interpretation, and we thus address the question using the following well-established rules:

> In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed *in pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia.* When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation.
>
> Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions.

4

Only if we determine the language of a statute is ambiguous will we proceed to the next step, which involves applying general principles of statutory construction to the language of the statute in order to construe any ambiguous language to accurately reflect the intent of the legislature. If this Court determines that the language of the statute is not ambiguous, there is no room for further construction. We will apply the language of the statute using its ordinary and obvious meaning.

*Redco Constr. v. Profile Prop., LLC*, 2012 WY 24, ¶ 26, 271 P.3d 408, 415-16 (Wyo. 2012) (quoting *Cheyenne Newspapers, Inc. v. Building Code Bd. of Appeals of City of Cheyenne*, 2010 WY 2, ¶ 9, 222 P.3d 158, 162 (Wyo. 2010)).

[¶16] The Wyoming statutes governing jury qualification, selection, and empaneling do not define the term "selected and returned." The term's ordinary meaning is, however, informed by other sources. As a starting point, a "jury list" is generally defined as a "list of persons who may be summoned to serve as jurors." *Black's Law Dictionary* 936 (9th ed. 2009). The common process for compiling and returning a jury list is described in the following authority:

While the statutes vary as to certain details, the essential steps in making up the jury list consist in: (1) A ***selection*** by the proper officers of a list of names of those persons qualified to serve as jurors. (2) The signing, certification and ***return*** of this list to the clerk of the court, to be filed or recorded by him. (3) The copying of the names contained on the list upon separate slips or ballots which are deposited in the jury box or wheel from which the panel is subsequently drawn.

35 C.J. *Juries* § 213 (1924) (emphasis added and footnotes omitted).

[¶17] As indicated by the above-quoted overview, the use of the terms "selected" and "returned," or variations on those terms, is a reference to that point in the process when a jury list is being prepared. In that context, the terms refer, not to those jurors called to serve on a particular case, but rather to those selected to be included in the broader jury list, and the return of that list to the court.

[¶18] This is an interpretation that is consistent with Wyoming's statutorily-prescribed process of preparing a jury list and then subsequently summoning prospective jurors from that list. Wyoming's governing statutes define the qualifications for service as a juror. *See* Wyo. Stat. Ann. § 1-11-101. The statutes then provide for the preparation of a "list

of persons *qualified* to serve as trial jurors," which list serves as the "base jury list" from April 1 of the year in which the list is certified through March 31 of the following year. Wyo. Stat. Ann. § 1-11-106(a) (LexisNexis 2011) (emphasis added). After the base jury list is prepared, a clerk may summon jurors from that list to appear for trial as so ordered by a court. Wyo. Stat. Ann. § 1-11-106(b); Wyo. Stat. Ann. § 1-11-109 (LexisNexis 2011).

[¶19] By statute, the process for preparing the list of "qualified" jurors predates and is separate from the process for summoning jurors to service. It likewise predates and is separate from the process for seating a jury. We thus agree with the State that "selected and returned," as used in Wyo. Stat. Ann. § 1-11-101(a)(i), relates to the preparation of the base jury list – the list of qualified jurors. *See also Smith v. State*, 364 So.2d 1, 5 (Ala. Crim. App. 1978) ("selected and returned" relates to the jury list); *State v. Danner*, 226 P. 475, 476 (Mont. 1924) (requirement of being a county resident ninety days before being "selected and returned" relates to the time at which the jury list was compiled).

[¶20] Because "selected and returned" is a reference to preparation of the base jury list, the critical date for measuring the duration of a prospective juror's residence in a county is April 1, the date on which the base jury list is certified. In other words, any juror who is a resident of a county for the ninety-day period preceding April 1 meets the residence qualification for service in that county.

[¶21] It is undisputed that Juror 21 was a resident of Crook County for the ninety-day period preceding the April 1 selection and return, and she was therefore a qualified juror. We thus find no error in the district court's seating of the jury. Having found no error, we need not address the State's argument that Lake waived any objection to the qualifications of the jury.

## B.    Sentencing Credit for Presentence Incarceration

[¶22] During the sentencing proceeding before the district court, Lake requested that he be credited 219 days against the sentence on his conviction for taking a controlled substance into a jail. This figure represents 152 days of custody from January 13, 2011, the date the Affidavit of Probable Cause in Support of Information was purportedly filed, to June 14, 2011, the date on which Lake was sentenced on his reckless endangering conviction. Lake then adds the 67-day period of presentence incarceration in this case, from October 15, 2011, the date that his reckless endangering sentence expired, to December 21, 2011, when he was sentenced on the drug-related conviction. These two figures total 219 days.

[¶23] The district court denied Lake's request and instead credited his sentence for sixty-nine days of presentence incarceration, representing the period between the expiration of

6

his reckless endangering sentence and sentencing in the present case.[1] We agree with the district court and reject Lake's request for an additional credit.

[¶24] This Court has announced the following rule governing awards of credit for presentence confinement:

> A criminal defendant is entitled to credit against his sentence for the time he was incarcerated prior to sentencing, provided that the confinement was due to his inability and failure to post bond on the offense for which he was awaiting disposition. The purpose of this rule is to provide equal protection to defendants who are unable to post bond because of their indigence. A defendant is not, however, entitled to credit for the time he spent in custody when his confinement would have continued despite his ability to post bond.

*Hernandez v. State*, 2009 WY 49, ¶ 7, 205 P.3d 183, 184 (Wyo. 2009) (quoting *Gomez v. State*, 2004 WY 15, ¶ 18, 85 P.3d 417, 421 (Wyo. 2004)).

[¶25] We reject Lake's request for additional presentence confinement credit for two reasons. First, Lake was not in custody in the present case until June 1, 2011, the date on which the Information was filed and the arrest warrant executed. The probable cause affidavit that supported the Information may have been signed on January 13, 2011, but it was not filed in January. The record is clear that the probable cause affidavit was not filed as a separate document and was instead filed only as an attachment in support of the Information, on the date that the Information was filed, June 1, 2011. Lake plainly was not in custody on the drug-related charge until June 1, 2011, and he is thus not entitled to credit for any period of incarceration before that date.

[¶26] Second, our precedent is clear that a defendant is not entitled to credit for time spent serving a sentence on another charge. *See Hernandez*, ¶¶ 4-7, 205 P.3d at 183-84 (upholding district court's denial of credit for presentence confinement where credit for that confinement had already been given against a sentence on a separate offense); *Sweets v. State*, 2001 WY 126, ¶ 6, 36 P.3d 1130, 1131 (Wyo. 2001) (defendant not entitled to credit for presentence confinement against second sentence when he was serving a sentence from an unrelated crime). On June 14, 2011, Lake was sentenced to one-year of incarceration on his reckless endangering conviction, and was given credit for his entire 242-day period of presentence confinement. This effectively made his one-year sentence run from October 15, 2010, through October 15, 2011. The district court ordered Lake's sentences for his drug-related and reckless endangering convictions to run consecutively,

---

[1] The parties agree that this figure should have been sixty-seven days, rather than the sixty-nine days awarded by the district court, but that miscalculation is not an issue in this appeal.

and Lake is thus not entitled to credit for the time spent serving his separate sentence for the reckless endangering conviction.

[¶27] The district court properly credited Lake for presentence confinement from October 15, 2011, when Lake's first sentence expired, to December 21, 2011, when the court entered sentence on Lake's drug-related conviction.

## CONCLUSION

[¶28] We find no error in the district court's seating of the jury, and we find no error in the court's award of credit for presentence confinement. Affirmed.